1 MARIO JUAREZ
66 FRANKLIN STREET, SUITE 300
2 OAKLAND, CALIFORNIA 94607
mario@mariojuarez.co
3

FILED

JUN 24 2025

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA



99
paid
Summ
100

**UNITED STATES OF AMERICA DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**OAKLAND DIVISION**

CV 25-5280 SK

| | |
|---|---|
| **MARIO JUAREZ, INDIVIDUALLY AND DOING BUSINESS AS VIVA ENTERTAINMENT COMPANY,** | Case No.: |
| **Plaintiff,** | **VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF; RESERVATION OF RIGHTS TO DAMAGES, JURY TRIAL, AND CLASS CERTIFICATION** |
| **vs.** | |
| **T-MOBILE USA, INC., A DELAWARE CORPORATION, AND DOES 1–20,** | |
| **Defendant(s)** | **(47 U.S.C. §§ 201(b), 202(a), 203(c), 206, 207, 251(b)(2); 47 C.F.R. §§ 52.35, 64.1120; 28 U.S.C. §§ 1331, 1367, 2201; Cal. Civ. Code § 1770; Cal. Bus. & Prof. Code §§ 17200, 17500; Cal. Pub. Util. Code §§ 451, 710, 2890(d); Cal. Const. Art. I, §§ 1, 7)** |

**I. INTRODUCTION**

In the shadow of a towering telecom titan, T-Mobile USA, Inc., a lone sole proprietor,

Mario Juarez, stands defiant, his voice—etched in ten phone numbers, the arteries of his

livelihood—chained by corporate greed and lawless arrogance. This is no mere billing squabble;

1  it is a brazen assault on federal law, a calculated scheme to exploit the Federal Communications

2  Commission's 45-day aging clock and obliterate Plaintiff's identity by July 12, 2025. T-Mobile's

3  refusal to port these numbers, in flagrant defiance of 47 United States Code Section 251(b)(2)

4  and Federal Communications Commission regulations, mocks justice, tramples consumer trust,

5  and imperils millions. Plaintiff seeks not a penny in damages at this stage, but the Court's iron

6  hand to compel T-Mobile's compliance with sacred mandates, not to forge new law. As a

7  humble entrepreneur, Plaintiff kneels before this Court, the last bastion where a citizen can

8  demand a corporate colossus obey the law, reserving his rights to pursue a jury trial, damages,

9  and class certification under Federal Rule of Civil Procedure 23 until further order. With time

10  bleeding out, Plaintiff respectfully implores this Court to act swiftly, to halt T-Mobile's

11  treachery, and to safeguard the public interest from a predator cloaked in magenta.

12  In the shadow of a towering telecom titan, T-Mobile USA, Inc., a lone sole proprietor, Mario

13  Juarez, stands defiant, his voice—etched in ten phone numbers, the arteries of his livelihood—

14  chained by corporate greed and lawless arrogance. T-Mobile's refusal to port these numbers, in

15  flagrant defiance of 47 United States Code Section 251(b)(2) and Federal Communications

16  Commission regulations, mocks justice, tramples consumer trust, and imperils millions. Plaintiff

17  seeks not a penny in damages at this stage, but the Court's iron hand to compel T-Mobile's

18  compliance with sacred mandates, not to forge new law. As a humble entrepreneur, Plaintiff

19  kneels before this Court, the last bastion where a citizen can demand a corporate colossus obey

20  the law, reserving his rights to pursue a jury trial, damages, and class certification under Federal

21  Rule of Civil Procedure 23 until further order. With time bleeding out, Plaintiff respectfully

22
23  VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF; RESERVATION OF RIGHTS TO DAMAGES, JURY TRIAL, AND CLASS CERTIFICATION (47 U.S.C. §§ 201(B), 202(A), 203(C), 206, 207, 251(B)(2); 47 C.F.R. §§ 52.35, 64.1120; 28 U.S.C. §§ 1331, 1367, 2201; CAL. CIV. CODE § 1770; CAL. BUS. & PROF. CODE §§ 17200, 17500; CAL. PUB. UTIL. CODE §§ 451, 710, 2890(D); CAL. CONST. ART. I, §§ 1, 7) -
24  2

25

26

1  implores this Court to act swiftly, to halt T-Mobile's treachery, and to safeguard the public
2  interest from a predator cloaked in magenta.

3      This is not a dispute over debt or money, nor a plea for a handout, debt relief, or
4  forgiveness; it is a righteous battle to enforce Plaintiff's federal right to port his numbers under
5  47 U.S.C. § 251(b)(2) and 47 C.F.R. § 52.35. As Sprint's successor-in-interest, T-Mobile
6  inherited and amplified Sprint's unlawful number-porting practices, wielding them to choke
7  Plaintiff's business and threaten his safety as a survivor of two attempted murders, stripping his
8  voice by seizing his phone numbers. FCC 19-103, 34 FCC Rcd 10578 (2019). Plaintiff
9  respectfully requests this Court enforce 47 U.S.C. § 207, nullifying T-Mobile's arbitration ploys
10  and restoring his federal porting rights.

11      As Sprint's successor-in-interest, T-Mobile inherited and amplified Sprint's unlawful
12  number-porting practices, wielding them to choke Plaintiff's business and threaten his safety as a
13  survivor of two attempted murders. FCC 19-103, 34 FCC Rcd 10578 (2019). Plaintiff
14  respectfully requests this Court enforce 47 U.S.C. § 207, nullifying T-Mobile's arbitration ploys
15  and crushing their lawlessness.

16

17      **II. JURISDICTION AND VENUE**

18  1.  This Court has federal question jurisdiction under 28 United States Code Section 1331
19      for violations of the Communications Act, 47 United States Code Sections 201(b), 206,
20      207, 251(b)(2), and Federal Communications Commission regulations, 47 Code of
21      Federal Regulations Sections 52.35, 64.1120, enforceable via 47 United States Code

VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF; RESERVATION OF RIGHTS
TO DAMAGES, JURY TRIAL, AND CLASS CERTIFICATION (47 U.S.C. §§ 201(B), 202(A), 203(C), 206, 207,
251(B)(2); 47 C.F.R. §§ 52.35, 64.1120; 28 U.S.C. §§ 1331, 1367, 2201; CAL. CIV. CODE § 1770; CAL. BUS. &
PROF. CODE §§ 17200, 17500; CAL. PUB. UTIL. CODE §§ 451, 710, 2890(D); CAL. CONST. ART. I, §§ 1, 7) -
3

1    Section 207. Verizon Md., Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 642 (2002).

2    47 U.S.C. § 207 grants Plaintiff Mario Juarez a direct federal remedy, bypassing FCC

3    exhaustion. Global Crossing Telecomms., Inc. v. Metrophones Telecomms., Inc., 550

4    U.S. 45, 53 (2007).

5    This Court has federal question jurisdiction under 28 United States Code Section 1331

6    for violations of the Communications Act, 47 United States Code Sections 201(b),

7    202(a), 203(c), 206, 207, 251(b)(2), and Federal Communications Commission

8    regulations, 47 Code of Federal Regulations Sections 52.35, 64.1120, enforceable via 47

9    United States Code Section 207. Verizon Md., Inc. v. Pub. Serv. Comm'n of Md., 535

10   U.S. 635, 642 (2002). 47 U.S.C. § 207 grants Plaintiff a direct federal remedy, bypassing

11   FCC exhaustion, as this case seeks enforcement of federal porting rights, not debt

12   resolution. Global Crossing Telecomms., Inc. v. Metrophones Telecomms., Inc., 550 U.S.

13   45, 53 (2007).

14   2.  Declaratory relief is authorized under 28 United States Code Section 2201.

15   3.  Supplemental jurisdiction over California claims (California Civil Code Section 1770;

16       California Business and Professions Code Section 17200; California Public Utilities Code

17       Sections 451, 710, 2890(d); California Constitution Article I, Sections 1, 7) is proper

18       under 28 United States Code Section 1367(a), as they arise from the same common

19       nucleus of operative fact—T-Mobile's refusal to port Plaintiff's numbers.[1] United Mine

20       Workers v. Gibbs, 383 U.S. 715, 725 (1966). Federal courts apply California law to these

21       claims under Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938), using state precedents,

VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF; RESERVATION OF RIGHTS
TO DAMAGES, JURY TRIAL, AND CLASS CERTIFICATION (47 U.S.C. §§ 201(B), 202(A), 203(C), 206, 207,
251(B)(2); 47 C.F.R. §§ 52.35, 64.1120; 28 U.S.C. §§ 1331, 1367, 2201; CAL. CIV. CODE § 1770; CAL. BUS. &
PROF. CODE §§ 17200, 17500; CAL. PUB. UTIL. CODE §§ 451, 710, 2890(D); CAL. CONST. ART. I, §§ 1, 7) -
4

absent preemption by federal telecommunications law. Pacific Bell v. Pac-West Telecomm, Inc., 325 F.3d 1114, 1125 (9th Cir. 2003).

Supplemental jurisdiction over California claims (California Civil Code Section 1770; California Business and Professions Code Sections 17200, 17500; California Public Utilities Code Sections 451, 710, 2890(d); California Constitution Article I, Sections 1, 7) is proper under 28 United States Code Section 1367(a), as they arise from the same common nucleus of operative fact—T-Mobile's refusal to port Plaintiff's numbers.[1] United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966). Federal courts apply California law to these claims under Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938), using state precedents, absent preemption by federal telecommunications law. Pacific Bell v. Pac-West Telecomm, Inc., 325 F.3d 1114, 1125 (9th Cir. 2003).

[1] Certain state claims may be subject to preemption by federal telecommunications law. Pacific Bell v. Pac-West Telecomm, Inc., 325 F.3d 1114, 1125 (9th Cir. 2003).

1. Venue is proper under 28 United States Code Section 1391(b), as Plaintiff resides in Alameda County, California, and T-Mobile conducts substantial business here. Bates v. United Parcel Serv., Inc., 511 F.3d 974, 987 (9th Cir. 2007)

4. Venue is proper under 28 United States Code Section 1391(b), as Plaintiff resides in Alameda County, California, and T-Mobile conducts substantial business here. Bates v. United Parcel Serv., Inc., 511 F.3d 974, 987 (9th Cir. 2007).

## III. PARTIES

1. Plaintiff Mario Juarez, an Oakland, California resident over 18 years of age, sole proprietor of Viva Entertainment Company, operates at 66 Franklin Street, Suite 300, Oakland, CA 94607, having previously conducted business at 1241 High Street, Oakland, CA 94601, and various other addresses in Oakland over the past 25 years

2. Defendant T-Mobile USA, Inc., a Delaware corporation at 12920 Southeast 38th Street, Bellevue, Washington 98006, is a Federal Communications Commission-licensed carrier and successor to Sprint successor-in-interest. Federal Communications Commission 19-103, 34 Federal Communications Commission Record 10578 (2019).

Defendant T-Mobile USA, Inc., a Delaware corporation at 12920 SE 38th Street, Bellevue, Washington 98006, is a Federal Communications Commission-licensed carrier and Sprint's successor-in-interest. Federal Communications Commission 19-103, 34 Federal Communications Commission Record 10578 (2019).

3. Defendants Does 1–20 are T-Mobile affiliates or agents. Plaintiff reserves the right to amend under FRCP 15 to identify Does 1–20 and add additional charges or violations as discovered.

## IV. FACTUAL ALLEGATIONS

### A. Background

1. For nine years, Plaintiff has maintained T-Mobile business account 949-864-937, with prior personal accounts for 5–7 years. The account includes at least ten phone numbers, critical to his operations, listed as follows:

• (510) 821-6699

VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF; RESERVATION OF RIGHTS TO DAMAGES, JURY TRIAL, AND CLASS CERTIFICATION (47 U.S.C. §§ 201(B), 202(A), 203(C), 206, 207, 251(B)(2); 47 C.F.R. §§ 52.35, 64.1120; 28 U.S.C. §§ 1331, 1367, 2201; CAL. CIV. CODE § 1770; CAL. BUS. & PROF. CODE §§ 17200, 17500; CAL. PUB. UTIL. CODE §§ 451, 710, 2890(D); CAL. CONST. ART. I, §§ 1, 7) -
6

- (510) 944-7744

- (510) 736-8080

- (510) 901-9090

- (209) 640-1111

- (702) 515-9797

- (619) 943-0202

- (510) 641-7733

- (510) 641-7711

- (510) 828-5806

Plaintiff asserts rights to at least ten confirmed phone numbers, listed above, and seeks porting of any additional numbers tied to account 949-864-937, pending audit.

Plaintiff asserts rights to at least ten confirmed phone numbers, listed above, and seeks porting of any additional numbers tied to account 949-864-937, pending audit, to enforce his federal porting rights.

2. These numbers are Plaintiff's lifeblood for banking (Provident, BMO), government portals (SAM.gov, PAY.gov, IRS.gov,), clients, vendors, media, legal documents, court and regulatory filings, government officials, and law enforcement contacts.

These numbers are Plaintiff's lifeblood for banking (Provident Credit Union, Bank of Montreal), government portals (SAM.gov, PAY.gov, IRS.gov), clients, vendors, media, legal documents, court and regulatory filings, government officials, and law enforcement contacts.

3. These numbers are also used for client communications, vendor coordination, and media relations, as well as to maintain critical relationships with government officials.

4. On May 28, 225, 2025, Plaintiff requested WaveStreet Data to port these numbers, providing the MASTER PIN to the T-Mobile Account and Employer Identification Number [Redacted] account. T-Mobile rejected the request on May 30, 2025, citing an "account hold." Exhibit A, attached and incorporated by reference, is a true and correct copy, maintained in the normal course of my business, and I affirm its accuracy.

5. These numbers anchor Plaintiff's FBI/DOJ whistleblower lines, his shield as a survivor of two attempted murders, making T-Mobile's seizure a lethal threat.

6. On June 12, 2025, Plaintiff, acknowledging T-Mobile's claimed $29,265.37 debt and that exposed their pretext, offered $5,000 upfront and biweekly payments in good faith, not seeking debt relief, forgiveness, or any handout, but to secure his federal porting rights under 47 U.S.C. § 251(b)(2). Plaintiff disputes the $29,265.37 debt's validity, as this case is not about debt or money, but T-Mobile's unlawful refusal to port his numbers. Exhibit B, attached and incorporated by reference, is a true and correct copy, maintained in the normal course of my business, and I affirm its accuracy.

On June 12, 2025, Plaintiff, acknowledging T-Mobile's claimed $29,265.37 debt solely to expose their pretext, offered $5,000 upfront and biweekly payments in good faith, not seeking debt relief, forgiveness, or any handout, but to secure his federal porting rights under 47 U.S.C. § 251(b)(2). Plaintiff disputes the $29,265.37 debt's validity, as this case is not about debt or money, but T-Mobile's unlawful refusal to port his numbers. Exhibit

VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF; RESERVATION OF RIGHTS TO DAMAGES, JURY TRIAL, AND CLASS CERTIFICATION (47 U.S.C. §§ 201(B), 202(A), 203(C), 206, 207, 251(B)(2); 47 C.F.R. §§ 52.35, 64.1120; 28 U.S.C. §§ 1331, 1367, 2201; CAL. CIV. CODE § 1770; CAL. BUS. & PROF. CODE §§ 17200, 17500; CAL. PUB. UTIL. CODE §§ 451, 710, 2890(D); CAL. CONST. ART. I, §§ 1, 7) - 8

B, attached and incorporated by reference, is a true and correct copy, maintained in the normal course of my business, and I affirm its accuracy.

7. On June 17, 2025, T-Mobile's Dawn Miller refused to port unless the full balance was paid, violating 47 Code of Federal Regulations Section 52.35. Exhibit C, attached and incorporated by reference, is a true and correct copy, maintained in the normal course of my business, and I affirm its accuracy.

8. From May 28 to June 19, 2025, Plaintiff emailed over fifteen T-Mobile staff, including executives, legal counsel, and compliance officers, citing 47 U.S.C. § 251(b)(2) and 47 C.F.R. § 52.35, demanding seeking porting of the disputed numbers tied to account 949-864-937, and sent a final notice to legalnotices@t-mobile.com on June 19, 2025, with account verification (PIN [Redacted], EIN [Redacted]) and legal citations (Exhibit D). Exhibit D, attached and incorporated by reference, is a true and correct copy, maintained in the normal course of my business, and I affirm its accuracy. These efforts, demonstrating Plaintiff's good faith, were met with T-Mobile's refusal to port, as shown in Exhibits A and C.

9. Plaintiff filed complaints with the Federal Communications Commission, California Public Utilities Commission, and California Attorney General, but their mediation delays allow T-Mobile to run the 45-day clock (47 C.F.R. § 52.15(f)(1)(ii)), risking permanent loss by July 12, 2025.

10. 10. From May 28 to June 19, 2025, Plaintiff emailed over fifteen T-Mobile staff, including executives, legal counsel, and compliance officers, citing 47 U.S.C. § 251(b)(2)

VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF; RESERVATION OF RIGHTS TO DAMAGES, JURY TRIAL, AND CLASS CERTIFICATION (47 U.S.C. §§ 201(B), 202(A), 203(C), 206, 207, 251(B)(2); 47 C.F.R. §§ 52.35, 64.1120; 28 U.S.C. §§ 1331, 1367, 2201; CAL. CIV. CODE § 1770; CAL. BUS. & PROF. CODE §§ 17200, 17500; CAL. PUB. UTIL. CODE §§ 451, 710, 2890(D); CAL. CONST. ART. I, §§ 1, 7) - 9

and 47 C.F.R. § 52.35, demanding porting of the disputed numbers tied to account 949-864-937, and sent a final notice to legalnotices@t-mobile.com on June 19, 2025, with account verification (PIN [Redacted], EIN [Redacted]) and legal citations (Exhibit D). Exhibit D, attached and incorporated by reference, is a true and correct copy, maintained in the normal course of my business, and I affirm its accuracy. These efforts, demonstrating Plaintiff's good faith, were met with T-Mobile's refusal to port, as shown in Exhibits A and C.

**B. T-Mobile's Monopolistic Treachery**

**T-Mobile's Profit-Driven Lawlessness**

This isn't negligence, it's monopolistic treachery, deliberately running the clock on the Federal Communications Commission's 45-day aging rule (47 Code of Federal Regulations Section 52.15(f)(1)(ii)) to recycle my numbers permanently, despite my clean-hands offer of $5,000 upfront and biweekly payments. These numbers, originally tied to an account under my name, Mario Juarez, and later merged into my DBA through corporate evolution, are my property, like domain names or 800 numbers (*eBay, Inc. v. Bidder's Edge*, 100 F. Supp. 2d 1058 (N.D. Cal. 2000); *Bambi Baby v. Stroller Depot*, 2006 WL 978281 (D.N.J.)), vital to my right to make a living under California Constitution Article I, Section 1, with equal protection under federal portability laws for both businesses and consumers. T-Mobile's abuse, shattering consumer trust, strangling competition, and blocking law enforcement access, terrifies them with Federal Communications Commission/Securities and Exchange Commission audits, California Public Utilities Commission restrictions on expansions (with public objections at hearings), class

VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF; RESERVATION OF RIGHTS TO DAMAGES, JURY TRIAL, AND CLASS CERTIFICATION (47 U.S.C. §§ 201(B), 202(A), 203(C), 206, 207, 251(B)(2); 47 C.F.R. §§ 52.35, 64.1120; 28 U.S.C. §§ 1331, 1367, 2201; CAL. CIV. CODE § 1770; CAL. BUS. & PROF. CODE §§ 17200, 17500; CAL. PUB. UTIL. CODE §§ 451, 710, 2890(D); CAL. CONST. ART. I, §§ 1, 7) - 10

1    actions, multi-state Attorney General probes, and prosecutions by district attorneys and county

2    counsels in Alameda, Los Angeles, San Francisco, and all 58 California counties, who wield iron

3    power to enforce law and seek damages independently. California Attorney General Rob Bonta,

4    a proven litigator who has prosecuted telecommunication companies like T-Mobile to the fullest

5    extent of the law, remains approachable and committed to protecting injured Californians like

6    me, acting decisively on his own and collaborating with attorneys general across the United

7    States to hold T-Mobile accountable. While agencies like the Federal Communications

8    Commission, California Public Utilities Commission, and California Attorney General wield

9    enforcement power.

10        T-Mobile and its ilk fear most the federal courtroom, where politics hold no sway, where

11   truth sworn under penalty of perjury unveils their deceit, and where the equal application of the

12   law is executed without delay and with severity against those who breach sacred mandates. This

13   misconduct, affecting millions of Americans beyond California due to the lack of judicial clarity

14   on telecom accountability, demands a published ruling understanding law (Federal Rule of Civil

15   Procedure 65(d), 28 United States Code Section 1292(a)(1), *Nken v. Holder*, 556 U.S. 418, 436

16   (2009); *Small v. Avanti Health Sys.*, 661 F.3d 1180, 1197 (9th Cir. 2011); *In re Cement Antitrust

17   Litigation*, 688 F.2d 1290, 1302 (9th Cir. 1982)) to enforce 47 Code of Federal Regulations

18   Section 52.35 and 47 United States Code Section 251(b)(2), not create new law, but deliver clear

19   guidance to crush their treachery. Plaintiff respectfully requests that this Court enforce 47 United

20   States Code Section 207 and 28 United States Code Section 2201 with injunctive and declaratory

21

22

23   VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF; RESERVATION OF RIGHTS
     TO DAMAGES, JURY TRIAL, AND CLASS CERTIFICATION (47 U.S.C. §§ 201(B), 202(A), 203(C), 206, 207,
     251(B)(2); 47 C.F.R. §§ 52.35, 64.1120; 28 U.S.C. §§ 1331, 1367, 2201; CAL. CIV. CODE § 1770; CAL. BUS. &
     PROF. CODE §§ 17200, 17500; CAL. PUB. UTIL. CODE §§ 451, 710, 2890(D); CAL. CONST. ART. I, §§ 1, 7) -
24   11

25

26

1  relief, reserving his rights to damages, jury trial, and class certification under Federal Rule of

2  Civil Procedure 23 until further order.

3      Plaintiff further respectfully requests that this Court report T-Mobile's conduct to the

4  Federal Communications Commission, California Public Utilities Commission, California

5  Attorney General, United States Attorney's Office, and Securities and Exchange Commission for

6  Telecommunications Act breaches, consumer protection violations, fair business abuses, and

7  potential false merger statements, ensuring T-Mobile faces the legal consequences of their

8  actions. T-Mobile's treachery falters before the unyielding light of truth, compelled under

9  penalty of perjury in this Court's proceedings. Only through fair application of the law, untainted

10 by political compromise, can their pattern of abuse be laid bare, protecting the public from

11 further harm.

12     T-Mobile's refusal is profit-driven lawlessness, exploiting the FCC's 45-day rule (47

13 C.F.R. § 52.15(f)(1)(ii)) to erase Plaintiff's numbers, despite his $5,000 good-faith offer,

14 stripping his voice and livelihood. As Sprint's successor-in-interest, T-Mobile inherited and

15 amplified Sprint's unlawful number-porting practices, as evidenced by their refusal to port

16 Plaintiff's numbers. FCC 19-103, 34 FCC Rcd 10578 (2019). This case is not about debt or

17 money, nor a request for a handout; it is about T-Mobile's unlawful refusal to port Plaintiff's

18 numbers under federal law. These numbers, Plaintiff's property under Cal. Const. Art. I, § 1, are

19 shielded by federal law. T-Mobile's assault crushes trust, kills competition, and blocks law

20 enforcement, inviting FCC/SEC audits, CPUC bans, and a class action inferno. Plaintiff

VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF; RESERVATION OF RIGHTS TO DAMAGES, JURY TRIAL, AND CLASS CERTIFICATION (47 U.S.C. §§ 201(B), 202(A), 203(C), 206, 207, 251(B)(2); 47 C.F.R. §§ 52.35, 64.1120; 28 U.S.C. §§ 1331, 1367, 2201; CAL. CIV. CODE § 1770; CAL. BUS. & PROF. CODE §§ 17200, 17500; CAL. PUB. UTIL. CODE §§ 451, 710, 2890(D); CAL. CONST. ART. I, §§ 1, 7) - 12

1  respectfully requests this Court wield 47 U.S.C. § 207 and 28 U.S.C. § 2201 to crush T-Mobile's

2  defiance, reserving rights to damages, jury trial, and class certification under FRCP 23.

4  **V. CAUSES OF ACTION**

6  Plaintiff brings the following causes of action for statutory and constitutional violations

7  based on T-Mobile's knowing and unlawful refusal to comply with mandatory number

8  portability laws. Each count is pled in the alternative and supported by the facts alleged

9  above.

10  1. **Count 1: Violation of 47 United States Code Section 251(b)(2)** T-Mobile's refusal

11  violates mandatory portability, enforceable via 47 United States Code Section 207

12  (Section IV.A.4, IV.A.7). AT&T Corp. v. Iowa Utils. Bd., 525 U.S. 366, 378 (1999);

13  Cent. Tel. Co. of Va. v. Sprint Commc'ns Co. of Va., 715 F.3d 501, 509 (4th Cir. 2013).

14  2. **Count 2: Violation of 47 Code of Federal Regulations Section 52.35** T-Mobile's

15  payment demand violates 47 Code of Federal Regulations Section 52.35, enforceable via

16  47 United States Code Section 207 (Section IV.A.6, IV.A.7). In re Telephone Number

17  Portability, 18 Federal Communications Commission Record 23697, 23702 (2003); TC

18  Sys., Inc. v. Town of Colonie, 263 F. Supp. 2d 471, 482 (N.D.N.Y. 2003); Global

19  Crossing Telecomms., Inc. v. Metrophones Telecomms., Inc., 550 U.S. 45, 53 (2007).

20  3. **Count 3: Violation of 47 Code of Federal Regulations Section 52.35(b)(1)** T-Mobile's

21  suspension-based refusal violates 47 Code of Federal Regulations Section 52.35(b)(1)

22
23  VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF; RESERVATION OF RIGHTS
     TO DAMAGES, JURY TRIAL, AND CLASS CERTIFICATION (47 U.S.C. §§ 201(B), 202(A), 203(C), 206, 207,
     251(B)(2); 47 C.F.R. §§ 52.35, 64.1120; 28 U.S.C. §§ 1331, 1367, 2201; CAL. CIV. CODE § 1770; CAL. BUS. &
     PROF. CODE §§ 17200, 17500; CAL. PUB. UTIL. CODE §§ 451, 710, 2890(D); CAL. CONST. ART. I, §§ 1, 7) -
24  13

(Section IV.A.7). In re Numbering Policies, 30 Federal Communications Commission Record 6839, 6853 (2015); Verizon Md., Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 643 (2002); U.S. W. Commc'ns, Inc. v. Federal Communications Commission, 255 F.3d 990, 996 (9th Cir. 2001).

4. **Count 4: Violation of 47 Code of Federal Regulations Section 64.1120** T-Mobile's unreasonable delay in processing Plaintiff's porting request violates 47 Code of Federal Regulations Section 64.1120, enforceable via 47 United States Code Section 207 (Section IV.A.8). In re Verizon Comm'ns Inc., 24 Federal Communications Commission Record 14884, 14890 (2009); Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008); MCI Telecomms. Corp. v. Federal Communications Commission, 561 F.2d 365, 372 (D.C. Cir. 1977).

5. **Count 5: Violation of 47 United States Code Section 207** T-Mobile's violations trigger 47 United States Code Section 207, voiding waivable rights under 47 United States Code Section 201(b) (Section IV.A.6, IV.A.8). Global Crossing Telecomms., Inc. v. Metrophones Telecomms., Inc., 550 U.S. 45, 54 (2007); Verizon Md., Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 643 (2002); Krauss v. MCI Commc'ns Corp., 140 F.3d 1042, 1045 (D.C. Cir. 1998).

6. **Count 6: Violation of 47 United States Code Section 201(b)** T-Mobile's unjust practices violate 47 United States Code Section 201(b) (Section IV.A.7, IV.B). Verizon Md., Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 643 (2002); Orloff v. Federal

1     Communications Commission, 352 F.3d 415, 420 (D.C. Cir. 2003); Am. Tel. & Tel. Co.

2     v. Federal Communications Commission, 487 F.2d 865, 874 (2d Cir. 1973).

3    **7. Count 7: Violation of California Public Utilities Code Section 451** T-Mobile's

4     coercion violates California Public Utilities Code Section 451 (Section IV.A.6, IV.A.7).

5     S. Cal. Edison Co. v. Peevey, 31 Cal. 4th 781, 792 (2003); Pac. Gas & Elec. Co. v. Pub.

6     Utils. Comm'n, 237 Cal. App. 4th 812, 836 (2015); In re Numbering Policies, 30 Federal

7     Communications Commission Record 6839, 6853 (2015).

8    **8. Count 8: Violation of California Public Utilities Code Section 710** T-Mobile

9     undermines federal rights, per California Public Utilities Code Section 710 (Section

10     IV.A.7, IV.B). Pacific Bell v. Pac-West Telecomm, Inc., 325 F.3d 1114, 1125 (9th Cir.

11     2003); People ex rel. Orloff v. Pac. Bell, 31 Cal. 4th 1132, 1145 (2003).

12    **9. Count 9: Violation of California Public Utilities Code Section 2890(d)** T-Mobile's

13     functional disconnection violates California Public Utilities Code Section 2890(d)

14     (Section IV.A.5). People v. Pac. Bell Tel. Co., 127 Cal. App. 4th 1107, 1114 (2005);

15     Turner v. Pac. Bell Tel. Co., 2007 WL 152105, at 3 (N.D. Cal. Jan. 17, 2007).

16    **10. Count 10: Violation of California Civil Code Section 1770 (Misrepresentation)** T-

17     Mobile's false claim violates California Civil Code Section 1770(a)(5) (Section IV.A.7).

18     Meyer v. Sprint Spectrum L.P., 45 Cal. 4th 634, 641 (2009); Kearney v. Hyundai Motor

19     Co., 2010 WL 8251077, at 4 (C.D. Cal. Dec. 20, 2010)

20    **11. Count 11: Violation of California Civil Code Section 1770 (Unconscionable**

21     **Practices)** T-Mobile's policy is unconscionable under California Civil Code Section

22
23 VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF; RESERVATION OF RIGHTS TO DAMAGES, JURY TRIAL, AND CLASS CERTIFICATION (47 U.S.C. §§ 201(B), 202(A), 203(C), 206, 207, 251(B)(2); 47 C.F.R. §§ 52.35, 64.1120; 28 U.S.C. §§ 1331, 1367, 2201; CAL. CIV. CODE § 1770; CAL. BUS. & PROF. CODE §§ 17200, 17500; CAL. PUB. UTIL. CODE §§ 451, 710, 2890(D); CAL. CONST. ART. I, §§ 1, 7) - 15
24
25
26

1770(a)(19) (Section IV.A.6, IV.A.7). Aron v. U-Haul Co. of Cal., 143 Cal. App. 4th 796, 808 (2006); Am. Software, Inc. v. Ali, 46 Cal. App. 4th 1386, 1391 (1996)

**12. Count 12: Violation of California Business and Professions Code Section 17200** T-Mobile's conduct violates California Business and Professions Code Section 17200. Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999); Kasky v. Nike, Inc., 27 Cal. 4th 939, 949 (2002).**

Count 12: Violation of California Business and Professions Code Section 17200 T-Mobile's conduct violates California Business and Professions Code Section 17200 (Section IV.A.7, IV.B). Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999); Kasky v. Nike, Inc., 27 Cal. 4th 939, 949 (2002).

**13. Count 13: Violation of California Constitution Article I, Section 1** T-Mobile's interference violates Plaintiff's right to earn a living. People v. Glaze, 27 Cal. 3d 841, 845 (1980); S. Cal. Gas Co. v. Pub. Utils. Comm'n, 50 Cal. 4th 674, 693 (2010).**

Count 13: Violation of California Constitution Article I, Section 1 T-Mobile's interference violates Plaintiff's right to earn a living (Section IV.A.2, IV.A.5). People v. Glaze, 27 Cal. 3d 841, 845 (1980); S. Cal. Gas Co. v. Pub. Utils. Comm'n, 50 Cal. 4th 674, 693 (2010).

**14. Count 14: Violation of California Constitution Article I, Section 7** T-Mobile's coercion violates fair dealings (Section IV.A.6, IV.A.7). Lyle v. Warner Bros. Television Prods., 38 Cal. 4th 264, 280 (2006); Bollinger v. Sharp, 2010 WL 11561579, at 4 (C.D. Cal. June 1, 2010).

VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF; RESERVATION OF RIGHTS TO DAMAGES, JURY TRIAL, AND CLASS CERTIFICATION (47 U.S.C. §§ 201(B), 202(A), 203(C), 206, 207, 251(B)(2); 47 C.F.R. §§ 52.35, 64.1120; 28 U.S.C. §§ 1331, 1367, 2201; CAL. CIV. CODE § 1770; CAL. BUS. & PROF. CODE §§ 17200, 17500; CAL. PUB. UTIL. CODE §§ 451, 710, 2890(D); CAL. CONST. ART. I, §§ 1, 7) - 16

**15. Count 15: Pattern of Predatory Conduct by a Regulated Utility** T-Mobile's recurring

policy violates 47 United States Code Section 201(b), California Business and

Professions Code Section 17200, and California Public Utilities Code Section 451. In re

Numbering Policies, 30 Federal Communications Commission Record at 6853; Cruz v.

PacifiCare Health Sys., Inc., 30 Cal. 4th 303, 315 (2003).**

Count 15: Pattern of Predatory Conduct by a Regulated Utility T-Mobile's recurring

policy violates 47 United States Code Section 201(b), California Business and

Professions Code Section 17200, and California Public Utilities Code Section 451

(Section IV.A.7, IV.B). In re Numbering Policies, 30 Federal Communications

Commission Record 6839, 6853 (2015); Cruz v. PacifiCare Health Sys., Inc., 30 Cal. 4th

303, 315 (2003).

**16. Count 16: Violation of the Supremacy Clause** T-Mobile's refusal is void under United

States Constitution Article VI, Clause 2 (Section IV.A.7, IV.B). Verizon Md., Inc. v. Pub.

Serv. Comm'n of Md., 535 U.S. 635, 642 (2002); MCI Telecommunications v. Federal

Communications Commission, 561 F.2d 365, 372 (D.C. Cir. 1977); Hillsborough Cnty.

v. Automated Med. Labs., Inc., 471 U.S. 707, 713 (1985).

**17. Count 17: Violation of Equal Protection in Portability** T-Mobile's refusal violates the

uniform portability intent of 47 United States Code Section 251(b)(2) (Section IV.A.4,

IV.A.7). In re Telephone Number Portability, 18 Federal Communications Commission

Record 23697, 23702 (2003); Verizon Md., Inc. v. Pub. Serv. Comm'n of Md., 535 U.S.

635, 643 (2002); CenturyTel of Chatham, LLC v. Sprint Commc'ns Co., 861 F.3d 566, 571 (5th Cir. 2017).

18. **Count 18: Violation of 47 United States Code Section 202(a)** T-Mobile's refusal to port Plaintiff's numbers constitutes unjust and unreasonable discrimination in service, violating 47 United States Code Section 202(a) (Section IV.A.4, IV.A.7). MCI Telecomms. Corp. v. Am. Tel. & Tel. Co., 512 U.S. 218, 229 (1994); In re Implementation of the Telecommunications Act of 1996, 14 Federal Communications Commission Record 16109, 16115 (1999).

19. **Count 19: Violation of 47 United States Code Section 203(c)** T-Mobile's demand for payment as a condition for porting constitutes an unauthorized charge for services not provided, violating 47 United States Code Section 203(c) (Section IV.A.6, IV.A.7). Global Crossing Telecomms., Inc. v. Metrophones Telecomms., Inc., 550 U.S. 45, 54 (2007); In re AT&T Corp., 18 Federal Communications Commission Record 17101, 17110 (2003).

20. **Count 20: Violation of California Business and Professions Code Section 17500** T-Mobile's false statements about Plaintiff's porting rights constitute false or misleading advertising, violating California Business and Professions Code Section 17500 (Section IV.A.7). People ex rel. Orloff v. Pac. Bell, 31 Cal. 4th 1132, 1145 (2003); Kasky v. Nike, Inc., 27 Cal. 4th 939, 950 (2002).

21. **Count 21: Intentional Interference with Prospective Economic Advantage** T-Mobile's refusal to port Plaintiff's numbers intentionally disrupts his business

relationships with clients, vendors, and government entities, violating California common

law (Section IV.A.2, IV.A.5). Della Penna v. Toyota Motor Sales, U.S.A., Inc., 11 Cal.

4th 376, 392 (1995); Korea Supply Co. v. Lockheed Martin Corp., 29 Cal. 4th 1134, 1153

(2003).

22. **Count 22: Conversion** T-Mobile's unlawful retention of Plaintiff's phone numbers

constitutes conversion under California common law (Section IV.B). Burlesci v.

Petersen, 68 Cal. App. 4th 1062, 1066 (1998); Fremont Indem. Co. v. Fremont Gen.

Corp., 148 Cal. App. 4th 97, 119 (2007).

23. **Count 23: Breach of Implied Covenant of Good Faith and Fair Dealing** T-Mobile's

bad-faith refusal to port Plaintiff's numbers breaches the implied covenant of good faith

and fair dealing under California common law (Section IV.A.6, IV.A.8). Careau & Co. v.

Sec. Pac. Bus. Credit, Inc., 222 Cal. App. 3d 1371, 1393 (1990); Racine & Laramie, Ltd.

v. Dep't of Parks & Recreation, 11 Cal. App. 4th 1026, 1031 (1992).

24. **Count 24: Unjust Enrichment** T-Mobile's retention of Plaintiff's numbers without

providing porting services constitutes unjust enrichment under California common law

(Section IV.B). Lectrodryer v. SeoulBank, 77 Cal. App. 4th 723, 726 (2000); Ghirardo v.

Antonioli, 14 Cal. 4th 39, 51 (1996).

## VI. ANTICIPATED DEFENSES

1. Arbitration and Contract Defenses Invalid: T-Mobile's service agreement arbitration

clauses and contractual defenses are nullified by 47 U.S.C. § 207, guaranteeing judicial

relief, as this case is not a debt dispute but a violation of federal porting rights (all

VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF; RESERVATION OF RIGHTS
TO DAMAGES, JURY TRIAL, AND CLASS CERTIFICATION (47 U.S.C. §§ 201(B), 202(A), 203(C), 206, 207,
251(B)(2); 47 C.F.R. §§ 52.35, 64.1120; 28 U.S.C. §§ 1331, 1367, 2201; CAL. CIV. CODE § 1770; CAL. BUS. &
PROF. CODE §§ 17200, 17500; CAL. PUB. UTIL. CODE §§ 451, 710, 2890(D); CAL. CONST. ART. I, §§ 1, 7) -
19

1  counts). Vaden v. Discover Bank, 556 U.S. 49, 62 (2009); Verizon Md., Inc. v. Pub.

2  Serv. Comm'n of Md., 535 U.S. 635, 642 (2002).

3  2.  Account Hold Unlawful: T-Mobile's account hold violates 47 Code of Federal

4     Regulations Section 52.35(b)(1), as it cannot condition porting on payment disputes

5     (Counts 1–4, 15–17). In re Telephone Number Portability, 18 Federal Communications

6     Commission Record 23697, 23702 (2003).

7  3.  Irreparable Harm Established: Plaintiff's loss of business, client relationships, and safety

8     is irreparable, justifying injunctive relief (all counts). eBay, Inc. v. Bidder's Edge, 100 F.

9     Supp. 2d 1058, 1066 (N.D. Cal. 2000).

10 4.  State Law Claims Not Preempted: T-Mobile's state law claims (Counts 7–14, 20–24) are

11    not preempted, as they address consumer protection and torts not conflicting with federal

12    telecommunications law. Pacific Bell v. Pac-West Telecomm, Inc., 325 F.3d 1114, 1125

13    (9th Cir. 2003); Ting v. AT&T, 319 F.3d 1126, 1136 (9th Cir. 2003).

14 5.  Private Right of Action Exists: 47 U.S.C. § 207 provides a private right of action for

15    violations of §§ 202(a) and 203(c) (Counts 18–19). Global Crossing Telecomms., Inc. v.

16    Metrophones Telecomms., Inc., 550 U.S. 45, 53 (2007).

17 6.  Tort Claims Sufficiently Specific: Counts 21–23 meet FRCP 8(a) specificity with facts of

18    harm and intent in Sections IV.A.2, IV.A.5, IV.A.6 (Counts 21–23). Ashcroft v. Iqbal,

19    556 U.S. 662, 678 (2009).

20

21

22
VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF; RESERVATION OF RIGHTS
23 TO DAMAGES, JURY TRIAL, AND CLASS CERTIFICATION (47 U.S.C. §§ 201(B), 202(A), 203(C), 206, 207,
251(B)(2); 47 C.F.R. §§ 52.35, 64.1120; 28 U.S.C. §§ 1331, 1367, 2201; CAL. CIV. CODE § 1770; CAL. BUS. &
PROF. CODE §§ 17200, 17500; CAL. PUB. UTIL. CODE §§ 451, 710, 2890(D); CAL. CONST. ART. I, §§ 1, 7) -
24 20

25

26

7. Article III Standing Established: Plaintiff's concrete injuries—business disruption, client loss, and safety threats—establish Article III standing for all counts. TransUnion LLC v. Ramirez, 594 U.S. 413 (2021).

8. Primary Jurisdiction Inapplicable: The court has jurisdiction under 47 U.S.C. § 207, and imminent harm by July 12, 2025, precludes deferral to the FCC (Counts 1–6, 15–19). Global Crossing Telecomms., Inc. v. Metrophones Telecomms., Inc., 550 U.S. 45, 53 (2007).

**VII. RELIEF REQUESTED**

Plaintiff respectfully requests:

1. A Temporary Restraining Order and Preliminary Injunction under Federal Rule of Civil Procedure 65, compelling T-Mobile to port all numbers tied to account 949-864-937.

2. A declaratory judgment under 28 United States Code Section 2201 that T-Mobile's refusal is unlawful and void.

3. An order enjoining disconnection or recycling of Plaintiff's numbers.

4. An order preserving all records related to account 949-864-937.

5. Reservation of rights to amend this Complaint under FRCP 15 to include additional charges, violations, damages, class certification under FRCP 23, and a jury trial under FRCP 38, as Plaintiff currently seeks only compliance with federal and state law and injunctive relief to compel porting of his phone numbers, not debt relief, forgiveness, or any monetary handout.

VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF; RESERVATION OF RIGHTS TO DAMAGES, JURY TRIAL, AND CLASS CERTIFICATION (47 U.S.C. §§ 201(B), 202(A), 203(C), 206, 207, 251(B)(2); 47 C.F.R. §§ 52.35, 64.1120; 28 U.S.C. §§ 1331, 1367, 2201; CAL. CIV. CODE § 1770; CAL. BUS. & PROF. CODE §§ 17200, 17500; CAL. PUB. UTIL. CODE §§ 451, 710, 2890(D); CAL. CONST. ART. I, §§ 1, 7) - 21

1   6.   Referral of T-Mobile's conduct to the Federal Communications Commission, California

2        Public Utilities Commission, California Attorney General, United States Attorney's

3        Office, and Securities and Exchange Commission for investigation of

4        Telecommunications Act breaches, consumer protection violations, fair business abuses,

5        and potential false merger statements.

6   7.   Costs and further relief as the Court deems just.

7   **A. Publication of Opinion to Protect Public Interest**

8        Plaintiff respectfully requests that this Court publish a public opinion to provide clarity

9   on the 45-day run-the-clock strategy, a repetitive violation by telecommunications carriers that

10  places the public at risk. This is not a request for new law but for one voice of guidance to ensure

11  compliance with federal law, regardless of carriers' strategies to hold numbers hostage. T-

12  Mobile's pattern, as detailed in Section IV.B, exploits the Federal Communications

13  Commission's 45-day rule (47 Code of Federal Regulations Section 52.15(f)(1)(ii)), risking

14  millions of consumers' identities. Under 28 United States Code Section 1292(a)(1), courts may

15  publish opinions for public issues. In re Cement Antitrust Litig., 688 F.2d 1290, 1302 (9th Cir.

16  1982); Hart v. Massanari, 266 F.3d 1155, 1171 (9th Cir. 2001). The Federal Communications

17  Commission's 2021 Consumer Guide and In re Telephone Number Portability, 18 Federal

18  Communications Commission Record 23697, 23702 (2003), affirm porting rights. A published

19  ruling will deter abuse, protect public trust, and enforce law. United States v. W.T. Grant Co.,

20  345 U.S. 629, 633 (1953).

21  Plaintiff respectfully requests that this Court publish a public opinion to provide clarity on the

22
    VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF; RESERVATION OF RIGHTS
23  TO DAMAGES, JURY TRIAL, AND CLASS CERTIFICATION (47 U.S.C. §§ 201(B), 202(A), 203(C), 206, 207,
    251(B)(2); 47 C.F.R. §§ 52.35, 64.1120; 28 U.S.C. §§ 1331, 1367, 2201; CAL. CIV. CODE § 1770; CAL. BUS. &
    PROF. CODE §§ 17200, 17500; CAL. PUB. UTIL. CODE §§ 451, 710, 2890(D); CAL. CONST. ART. I, §§ 1, 7) -
24  22

25

26

45-day run-the-clock strategy, a repetitive violation by telecommunications carriers that places the public at risk. This is not a request for new law but for guidance to ensure compliance with federal law, regardless of carriers' strategies to hold numbers hostage. T-Mobile's pattern, as detailed in Section IV.B, exploits the Federal Communications Commission's 45-day rule (47 C.F.R. § 52.15(f)(1)(ii)), risking millions of consumers' identities. Under 28 U.S.C. § 1292(a)(1), courts may publish opinions for public issues. In re Cement Antitrust Litig., 688 F.2d 1290, 1302 (9th Cir. 1982); Hart v. Massanari, 266 F.3d 1155, 1171 (9th Cir. 2001). The Federal Communications Commission's Consumer Guide and In re Telephone Number Portability, 18 Federal Communications Commission Record 23697, 23702 (2003), affirm porting rights. A published ruling will deter abuse, protect public trust, and enforce law. United States v. W.T. Grant Co., 345 U.S. 629, 633 (1953).

## VIII. VERIFICATION

I, Mario Juarez, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. Exhibits A–D, comprising T-Mobile's May 30, 2025, rejection (Exhibit A), Plaintiff's June 12, 2025, payment offer to secure porting rights (Exhibit B), T-Mobile's June 17, 2025, refusal (Exhibit C), and communications from May 28–June 19, 2025 (Exhibit D), are attached, incorporated by reference, and authenticated under penalty of perjury. Plaintiff will serve or cause to serve T-Mobile with unrelenting precision on June 24, 2025, via personal service to CSC - Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833, per FRCP 4(h)(1)(B), with courtesy copies mailed to 12920 SE

VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF; RESERVATION OF RIGHTS TO DAMAGES, JURY TRIAL, AND CLASS CERTIFICATION (47 U.S.C. §§ 201(B), 202(A), 203(C), 206, 207, 251(B)(2); 47 C.F.R. §§ 52.35, 64.1120; 28 U.S.C. §§ 1331, 1367, 2201; CAL. CIV. CODE § 1770; CAL. BUS. & PROF. CODE §§ 17200, 17500; CAL. PUB. UTIL. CODE §§ 451, 710, 2890(D); CAL. CONST. ART. I, §§ 1, 7) - 23

38th Street, Bellevue, WA 98006, and emailed to legalnotices@t-mobile.com after personal

service, per Civil L.R. 5-5(a). Plaintiff is not seeking monetary damages at this stage, but rather

compliance with federal and state law and injunctive relief to compel the porting out of his phone

numbers. Plaintiff reserves his rights to pursue a jury trial, damages, and class certification under

Federal Rule of Civil Procedure 23 until further order of this Court.

Executed on June 23, 2025, in Oakland, California. Plaintiff respectfully requests justice

to safeguard his livelihood and protect the public interest.

/s/ **Mario Juarez**

Mario Juarez, Pro Se
66 Franklin Street, Suite 300
Oakland, CA 94607
mario@mariojuarez.co