MARIO JUAREZ
66 FRANKLIN STREET, SUITE 300
OAKLAND, CALIFORNIA 94601
mario@mariojuarez.co

FILED
JUN 24 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARIO JUAREZ, INDIVIDUALLY AND DOING BUSINESS AS VIVA ENTERTAINMENT COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>T-MOBILE USA, INC., DELAWARE CORPORATION AND DOES 1 TO 20 INCLUSIVE AS,<br><br>Defendant(s) | Case No.: CV 25-5280 SK<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE<br>(FEDERAL RULE OF CIVIL PROCEDURE 65) |

**TABLE OF CONTENTS**

I. Introduction and Overview (Page 1)

A. Disputed Phone Numbers (Page 2)

II. Legal Standard for Temporary Restraining Order and Preliminary Injunction (Page 4)

III. Likelihood of Success on the Merits (Page 5)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE(FEDERAL RULE OF CIVIL PROCEDURE 65) - 1

A. Defendant's Refusal Violates Federal Law (Page 5)

B. T-Mobile's Willful Repetition of Regulatory Conduct (Page 6)

C. Plaintiff's Compliance and Good Faith (Page 6)

D. State Law Violations (Page 7)

E. Supremacy Clause Preemption (Page 8)

IV. Irreparable Harm (Page 8)

A. Loss of Business Numbers as Irreparable Harm (Page 8)

B. 45-Day FCC Aging Rule: A Ticking Time Bomb (Page 9)

C. Public Safety Peril (Page 10)

D. No Monetary Cure (Page 10)

V. Balance of Equities Strongly Favors Plaintiff (Page 11)

A. Plaintiff's Catastrophic Loss (Page 11)

B. T-Mobile's Zero Burden (Page 11)

C. Self-Inflicted Wound (Page 12)

D. Precedent Demands Action (Page 12)

VI. Public Interest and Systemic Abuse Analysis (Page 13)

A. FCC Rules Safeguard the Public (Page 13)

B. Inherited Profit Motive (Page 13)

C. National "Ticking Time Bomb" (Page 14)

D. Public Safety Imperative (Page 14)

E. Published Opinion as a Shield (Page 15)

F. Class Potential (Page 16)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE(FEDERAL RULE OF CIVIL PROCEDURE 65) - 2

VII. Anticipated Defenses and Rebuttals (Page 16)

VIII. Jurisdictional Bases (Page 18)

IX. Prayer for Relief (Page 19)

# TABLE OF AUTHORITIES

**Federal Statutes**

- 28 U.S.C. § 1292(a)(1): Published opinions (VI.E)

- 28 U.S.C. § 1331: Federal question jurisdiction (VIII)

- 28 U.S.C. § 1367: Supplemental jurisdiction (VIII)

- 28 U.S.C. § 1391: Venue (VIII)

- 28 U.S.C. § 2201: Declaratory relief (VIII)

- 47 U.S.C. § 201(b): Unjust practices (III.A)

- 47 U.S.C. § 202(a): Unreasonable discrimination (III.A)

- 47 U.S.C. § 203(c): Unauthorized charges (III.A)

- 47 U.S.C. § 207: Private right of action (VIII)

- 47 U.S.C. § 251(b)(2): Number portability (III.A)

- 47 U.S.C. § 401(b): Equitable relief (IX.9)

**Regulations**

- 47 C.F.R. § 52.15(f)(1)(ii): 45-day aging rule (IV.B)

- 47 C.F.R. § 52.35(b)(1): Prohibits porting conditions (III.A)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE(FEDERAL RULE OF CIVIL PROCEDURE 65) - 3

1  - 47 C.F.R. § 64.1120: Porting regulations (IX.4)

2

3  **Federal Case Law**

4  - Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127 (9th Cir. 2011) (II)

5  - Am. Can Co. v. Mansukhani, 742 F.2d 314 (7th Cir. 1984) (VI.E)

6  - Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046 (9th Cir. 2009) (IV.B)

7  - AT&T Corp. v. Iowa Utils. Bd., 525 U.S. 366 (1999) (III.A)

8  - Bennett v. Medtronic, Inc., 285 F.3d 801 (9th Cir. 2002) (I)

9  - Carroll v. Nakatani, 342 F.3d 934 (9th Cir. 2003) (I)

10 - Cent. Tel. Co. of Va. v. Sprint Commc'ns Co., 715 F.3d 501 (4th Cir. 2013) (III.A)

11 - Chambers v. NASCO, Inc., 501 U.S. 32 (1991) (VII.4)

12 - Disney Enters., Inc. v. VidAngel, Inc., 869 F.3d 848 (9th Cir. 2017) (IV.B)

13 - Doe v. Reed, 561 U.S. 186 (2010) (IV.C)

14 - eBay, Inc. v. Bidder's Edge, 100 F. Supp. 2d 1058 (N.D. Cal. 2000) (IV.A, VII.3)

15 - First Tech. Safety Sys., Inc. v. Depinet, 11 F.3d 641 (6th Cir. 1993) (I)

16 - Global Crossing Telecomms., Inc. v. Metrophones Telecomms., Inc., 550 U.S. 45 (2007)

17 (III.A, VII.5)

18 - Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423 (1974) (I)

19 - Hart v. Massanari, 266 F.3d 1155 (9th Cir. 2001) (VI.E)

20 - Hillsborough Cnty. v. Automated Med. Labs., Inc., 471 U.S. 707 (1985) (III.E)

21 - In re Cement Antitrust Litig., 688 F.2d 1290 (9th Cir. 1982) (VI.E)

22 - In re Lorillard Tobacco Co., 370 F.3d 982 (9th Cir. 2004) (VI.E)

23 MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE MOTION FOR
   TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE(FEDERAL RULE OF CIVIL
24 PROCEDURE 65) - 4

25

26

- In re StarNet, Inc., 355 F.3d 634 (7th Cir. 2004) (III.A)

- Klein v. City of San Clemente, 584 F.3d 1196 (9th Cir. 2009) (V.A)

- L.A. Mem'l Coliseum Comm'n v. NFL, 634 F.2d 1197 (9th Cir. 1980) (V.C, VII.4)

- McNeary-Calloway v. JP Morgan Chase Bank, N.A., 863 F. Supp. 2d 928 (N.D. Cal. 2012) (IV.A)

- Nken v. Holder, 556 U.S. 418 (2009) (VI.A)

- Pacific Bell v. Pac-West Telecomm, Inc., 325 F.3d 1114 (9th Cir. 2003) (III.E, VII.4)

- Perfect 10, Inc. v. Google, Inc., 653 F.3d 976 (9th Cir. 2011) (II)

- Regents of Univ. of Cal. v. Am. Broad. Cos., 747 F.2d 511 (9th Cir. 1984) (IV.B)

- Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc., 944 F.2d 597 (9th Cir. 1991) (IV.A, VII.3)

- Republic of the Philippines v. Marcos, 862 F.2d 1355 (9th Cir. 1988) (II)

- SEC v. Capital Gains Research Bureau, Inc., 375 U.S. 180 (1963) (VI.E)

- Shell Offshore, Inc. v. Greenpeace, Inc., 709 F.3d 1281 (9th Cir. 2013) (II)

- Sierra Club v. U.S. Forest Serv., 843 F.2d 1190 (9th Cir. 1988) (II)

- Small v. Avanti Health Sys., 661 F.3d 1180 (9th Cir. 2011) (IV.A, VI.C)

- Stormans, Inc. v. Selecky, 586 F.3d 1109 (9th Cir. 2009) (V.B)

- TC Sys., Inc. v. Town of Colonie, 263 F. Supp. 2d 471 (N.D.N.Y. 2003) (III.A)

- TransUnion LLC v. Ramirez, 594 U.S. 413 (2021) (VII.7)

- United States v. W.T. Grant Co., 345 U.S. 629 (1953) (VI.E)

- Vaden v. Discover Bank, 556 U.S. 49 (2009) (VII.1)

- Verizon Md., Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635 (2002) (III.E, VIII)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE(FEDERAL RULE OF CIVIL PROCEDURE 65) - 5

- Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008) (II)

**State Case Law**

- Aron v. U-Haul Co. of Cal., 143 Cal. App. 4th 796 (2006) (V.C, VII.4)

- Burlesci v. Petersen, 68 Cal. App. 4th 1062 (1998) (III.D)

- Careau & Co. v. Sec. Pac. Bus. Credit, Inc., 222 Cal. App. 3d 1371 (1990) (III.D)

- Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163 (1999) (III.D, VI.E)

- Della Penna v. Toyota Motor Sales, U.S.A., Inc., 11 Cal. 4th 376 (1995) (III.D)

- Kasky v. Nike, Inc., 27 Cal. 4th 939 (2002) (III.D, VI.C)

- Lectrodryer v. SeoulBank, 77 Cal. App. 4th 723 (2000) (III.D)

- Meyer v. Sprint Spectrum L.P., 45 Cal. 4th 634 (2009) (III.D)

- People v. Glaze, 27 Cal. 3d 841 (1980) (III.D)

- People v. Pac. Bell Tel. Co., 127 Cal. App. 4th 1107 (2005) (III.D, VI.D)

- People v. Uber Techs., Inc., 56 Cal. App. 5th 266 (2020) (IV.C, VI.C)

- S. Cal. Edison Co. v. Peevey, 31 Cal. 4th 781 (2003) (III.D)

- Turner v. Pac. Bell Tel. Co., 2007 WL 152105 (N.D. Cal. Jan. 17, 2007) (III.D)

- Wolf v. Wells Fargo Bank, N.A., 2011 WL 4831208 (N.D. Cal. Oct. 12, 2011) (VII.9)

**Other Authorities**

- FCC 19-103, 34 FCC Rcd 10578 (2019): T-Mobile/Sprint merger (III.B, VI.B)

- In re Numbering Policies, 30 FCC Rcd 6839 (2015) (III.A, III.C)

- In re Telephone Number Portability, 18 FCC Rcd 23697 (2003) (III.A, VII.2)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE(FEDERAL RULE OF CIVIL PROCEDURE 65) - 6

- In re Verizon Comm'ns Inc., 24 FCC Rcd 14884 (2009) (III.A, VII.2)

**I. Introduction and Overview**

This is not a mere billing dispute; it is a stand for justice against T-Mobile USA, Inc., a telecom giant unlawfully withholding Plaintiff Mario Juarez's phone numbers—the lifeline of his business, identity, and safety—over a disputed $29,265.37 debt. Plaintiff acknowledges T-Mobile's right to pursue the debt legally but seeks to enforce his federal right to port his numbers tied to account 949-864-937, which T-Mobile's refusal threatens to erase by July 12, 2025, exploiting the Federal Communications Commission's 45-day rule (47 C.F.R. § 52.15(f)(1)(ii)). This deliberate defiance violates 47 C.F.R. § 52.35(b)(1) and 47 U.S.C. § 251(b)(2), echoing Sprint's porting abuses post their April 1, 2020 merger (FCC 19-103, 34 FCC Rcd 10578 (2019)). T-Mobile's continued refusal despite Plaintiff's extensive notice efforts (Exhibit C) risks mooting relief, necessitating ex parte action.

Plaintiff, a sole proprietor, emailed over fifteen T-Mobile staff and made multiple phone calls from May 28 to June 19, 2025, citing federal law (Exhibit D), offered $5,000 upfront with biweekly payments (Exhibit B), and faced a demand for full payment (Exhibits A, C). These numbers, critical for banking (Provident Credit Union, Bank of Montreal), government portals (SAM.gov, PAY.gov, IRS.gov), client trust, and FBI/DOJ whistleblower lines protecting Plaintiff as a survivor of two attempted murders, are his lifeline, now causing business losses and safety risks. Plaintiff seeks no monetary damages now, only compliance with the 24 counts in the Verified Complaint, reserving rights to a jury trial, damages, and class certification under Federal

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE(FEDERAL RULE OF CIVIL PROCEDURE 65) - 7

Rule of Civil Procedure 23. T-Mobile's systemic tactics threaten millions, demanding a **Temporary Restraining Order (TRO)**, **Order to Show Cause (OSC)**, and **published opinion** to enforce 47 U.S.C. § 207 and 28 U.S.C. § 2201.

### A. Disputed Phone Numbers

The following phone numbers, among others under T-Mobile account 949-864-937, are in dispute and must be ported:

- (510) 821-6699
- (510) 944-7744
- (510) 736-8080
- (510) 901-9090
- (209) 640-1111
- (702) 515-9797
- (619) 943-0202
- (510) 641-7733
- (510) 641-7711
- (510) 828-5806

These numbers are vital for Plaintiff's business, banking, government access, and safety.

### II. Legal Standard for Temporary Restraining Order and Preliminary Injunction

A TRO and Preliminary Injunction under FRCP 65(b) require: (1) likelihood of success on the merits; (2) irreparable harm absent relief; (3) balance of equities favoring Plaintiff; and (4) public

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE (FEDERAL RULE OF CIVIL PROCEDURE 65) - 8

interest supporting an injunction. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The Ninth Circuit's sliding scale permits relief with serious questions on the merits and a sharp tilt in equities. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131–35 (9th Cir. 2011). For an **OSC**, a fair chance of success and significant harm suffice. Republic of the Philippines v. Marcos, 862 F.2d 1355, 1362 (9th Cir. 1988).

### III. Likelihood of Success on the Merits

Plaintiff's 24 causes of action in the Verified Complaint establish a strong likelihood of success

**A. Defendant's Refusal Violates Federal Law**

T-Mobile's June 17, 2025, refusal (Exhibit C) demanding $29,265.37 violates 47 C.F.R. § 52.35(b)(1), prohibiting porting conditions, and 47 U.S.C. § 251(b)(2), mandating portability. AT&T Corp. v. Iowa Utils. Bd., 525 U.S. 366, 378 (1999); Cent. Tel. Co. of Va. v. Sprint Commc'ns Co., 715 F.3d 501, 509 (4th Cir. 2013). T-Mobile's actions also violate 47 U.S.C. §§ 201(b), 202(a), 203(c), enforceable via 47 U.S.C. § 207. Global Crossing Telecomms., Inc. v. Metrophones Telecomms., Inc., 550 U.S. 45, 53 (2007).

**B. T-Mobile's Willful Repetition of Regulatory Conduct**

As Sprint's successor (FCC 19-103, 34 FCC Rcd 10578 (2019)), T-Mobile persists in porting abuses, as shown by Exhibits C and D, consistent with the Verified Complaint's Section IV.B. Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991).

**C. Plaintiff's Compliance and Good Faith**

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE(FEDERAL RULE OF CIVIL PROCEDURE 65) - 9

1  Plaintiff provided account details (PIN [Redacted], EIN [Redacted]) and offered $5,000 upfront
2  with biweekly payments (Exhibit B), yet T-Mobile refused (Exhibit D). L.A. Mem'l Coliseum
3  Comm'n v. NFL, 634 F.2d 1197, 1200 (9th Cir. 1980).

**D. State Law Violations**

T-Mobile violates Cal. Pub. Util. Code §§ 451, 710, 2890(d); Cal. Civ. Code § 1770(a)(5), (19); Cal. Bus. & Prof. Code §§ 17200, 17500; Cal. Const. Art. I, §§ 1, 7; and common law torts (counts 21–24). S. Cal. Edison Co. v. Peevey, 31 Cal. 4th 781, 792 (2003); Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999); Della Penna v. Toyota Motor Sales, U.S.A., Inc., 11 Cal. 4th 376, 392 (1995); Burlesci v. Petersen, 68 Cal. App. 4th 1062, 1066 (1998); Careau & Co. v. Sec. Pac. Bus. Credit, Inc., 222 Cal. App. 3d 1371, 1393 (1990); Lectrodryer v. SeoulBank, 77 Cal. App. 4th 723, 726 (2000).

**E. Supremacy Clause Preemption**

T-Mobile's contractual defenses are void under the Supremacy Clause. U.S. Const. Art. VI, Cl. 2; Verizon Md., Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 642 (2002).

**IV. Irreparable Harm**

**A. Loss of Business Numbers as Irreparable Harm**

Loss of numbers, tied to 15 years of branding, banking, and government access, is irreparable, causing loss of client contracts worth thousands monthly and severed vendor relationships, as detailed in the Verified Complaint's Section IV.A.2. eBay, Inc. v. Bidder's Edge, 100 F. Supp. 2d 1058, 1066 (N.D. Cal. 2000); McNeary-Calloway v. JP Morgan Chase Bank, N.A., 863 F. Supp. 2d 928, 947 (N.D. Cal. 2012).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE(FEDERAL RULE OF CIVIL PROCEDURE 65) - 10

**B. 45-Day FCC Aging Rule: A Ticking Time Bomb**

The FCC's 45-day rule (47 C.F.R. § 52.15(f)(1)(ii)) risks reassignment by July 12, 2025. Regents of Univ. of Cal. v. Am. Broad. Cos., 747 F.2d 511, 520 (9th Cir. 1984).

**C. Public Safety Peril**

Numbers linked to FBI/DOJ whistleblower lines are critical for Plaintiff's safety, per the Verified Complaint's Section IV.A.5. Small v. Avanti Health Sys., 661 F.3d 1180, 1197 (9th Cir. 2011).

**D. No Monetary Cure**

Damages cannot restore client trust or safety. eBay, 100 F. Supp. 2d at 1066.

**V. Balance of Equities Strongly Favors Plaintiff**

**A. Plaintiff's Catastrophic Loss**

Without relief, Plaintiff faces ruin, per the Verified Complaint's Section IV.A. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1135 (9th Cir. 2011).

**B. T-Mobile's Zero Burden**

T-Mobile retains debt collection rights. Stormans, Inc. v. Selecky, 586 F.3d 1109, 1138 (9th Cir. 2009).

**C. Self-Inflicted Wound**

T-Mobile's refusal despite Plaintiff's notices (Exhibits B–D) is self-inflicted. L.A. Mem'l Coliseum Comm'n v. NFL, 634 F.2d 1197, 1200 (9th Cir. 1980).

**D. Precedent Demands Action**

Courts reject infrastructure coercion. eBay, 100 F. Supp. 2d at 1066.

## VI. Public Interest and Systemic Abuse Analysis

### A. FCC Rules Safeguard the Public

47 C.F.R. § 52.35 and 47 U.S.C. § 251(b)(2) protect consumer choice. Nken v. Holder, 556 U.S. 418, 436 (2009).

### B. Inherited Profit Motive

T-Mobile's tactics, inherited from Sprint (FCC 19-103, 34 FCC Rcd 10578 (2019)), profit from porting abuses, per the Verified Complaint's Section IV.B.

### C. National "Ticking Time Bomb

T-Mobile's 45-day rule exploitation, enabled by their dominance post-Sprint merger, threatens millions, as Sprint faced similar FCC scrutiny for porting violations. Small v. Avanti Health Sys., 661 F.3d 1180, 1197 (9th Cir. 2011).

### D. Public Safety Imperative

Plaintiff's whistleblower lines underscore the stakes. People v. Pac. Bell Tel. Co., 127 Cal. App. 4th 1107, 1114 (2005).

### E. Published Opinion as a Shield

A published opinion under 28 U.S.C. § 1292(a)(1), as sought in the Verified Complaint's Section VII.A, will deter carriers by clarifying 47 C.F.R. § 52.35's prohibition on porting conditions, protecting millions from identity loss. This is warranted for recurring violations and where FCC mediation delays fail, per the Verified Complaint's Section IV.A.9. In re Cement Antitrust Litig., 688 F.2d 1290, 1302 (9th Cir. 1982); United States v. W.T. Grant Co., 345 U.S. 629, 633 (1953); SEC v. Capital Gains Research Bureau, Inc., 375 U.S. 180, 195 (1963).

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE(FEDERAL RULE OF CIVIL PROCEDURE 65) - 12

## F. Class Potential

This pattern may support FRCP 23 certification, reserved herein.

## VII. Anticipated Defenses and Rebuttals

1. Arbitration and Contract Defenses Invalid: T-Mobile's arbitration clauses and contractual defenses are nullified by 47 U.S.C. § 207 (all counts). Vaden v. Discover Bank, 556 U.S. 49, 62 (2009).

2. Account Hold Unlawful: T-Mobile's hold violates 47 C.F.R. § 52.35(b)(1) (Counts 1–4, 15–17). In re Telephone Number Portability, 18 FCC Rcd 23697, 23702 (2003).

3. Irreparable Harm Established: Plaintiff's losses are **irreparable** (all counts). eBay, Inc. v. Bidder's Edge, 100 F. Supp. 2d 1058, 1066 (N.D. Cal. 2000).

4. State Law Claims Not Preempted: Counts 7–14, 20–24 are not preempted. Pacific Bell v. Pac-West Telecomm, Inc., 325 F.3d 1114, 1125 (9th Cir. 2003).

5. Private Right of Action Exists: 47 U.S.C. § 207 allows claims under §§ 202(a), 203(c) (Counts 18–19). Global Crossing Telecomms., Inc. v. Metrophones Telecomms., Inc., 550 U.S. 45, 53 (2007).

6. Tort Claims Sufficiently Specific: Counts 21–23 meet FRCP 8(a) (Verified Complaint Sections IV.A.2, IV.A.5, IV.A.6). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

7. Article III Standing Established: Plaintiff's injuries establish standing (all counts). TransUnion LLC v. Ramirez, 594 U.S. 413 (2021).

8. Primary Jurisdiction Inapplicable: 47 U.S.C. § 207 precludes FCC deferral (Counts 1–6, 15–19). Global Crossing Telecomms., Inc. v. Metrophones Telecomms., Inc., 550 U.S. 45, 53 (2007)

9. Unjust Enrichment Not Duplicative: Count 24 is pled in the alternative, permissible under FRCP 8(d)(2). Wolf v. Wells Fargo Bank, N.A., 2011 WL 4831208, at *8 (N.D. Cal. Oct. 12, 2011).

## VIII. Jurisdictional Bases

- 28 U.S.C. § 1331: Federal question jurisdiction for 47 U.S.C. §§ 201(b), 202(a), 203(c), 251(b)(2). Verizon Md., Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 642 (2002).

- 47 U.S.C. § 207: Private right of action.

- 28 U.S.C. § 2201: Declaratory relief.

- 28 U.S.C. § 1367: Supplemental jurisdiction.

- 28 U.S.C. § 1391: Venue in Alameda County.

## IX. Prayer for Relief

Plaintiff respectfully requests:

    1. A Temporary Restraining Order enjoining T-Mobile from refusing to port, conditioning on payment, disconnecting, or delaying numbers on account 949-864-937, per FRCP 65.

    2. An Order to Show Cause within 14 days for a Preliminary Injunction.

    3. A Preliminary Injunction ordering porting and preservation.

    4. A Declaratory Judgment under 28 U.S.C. § 2201 declaring T-Mobile's refusal unlawful.

    5. Preservation Orders barring aging/reassignment for 90 days and requiring record retention.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE(FEDERAL RULE OF CIVIL PROCEDURE 65) - 14

6. A published opinion under 28 U.S.C. § 1292(a)(1) to deter abuse and clarify federal law.

7. Referral of T-Mobile's conduct to the FCC, CPUC, California Attorney General, U.S. Attorney's Office, and SEC for investigation of Telecommunications Act breaches, consumer protection violations, and potential false merger statements.

8. Reservation of rights for class certification (FRCP 23), jury trial (FRCP 38), and damages (FRCP 15).

9. Further relief as just, per 47 U.S.C. § 401(b).

Dated: June 24, 2025

/s/ Mario Juarez

Mario Juarez, Pro Se
66 Franklin Street, Suite 300
Oakland, CA 94607
[mario@mariojuarez.co]

## Certificate of Service

I, Mario Juarez, certify under penalty of perjury that on June 24, 2025, I will serve a true copy of this Memorandum of Points and Authorities, along with accompanying documents, on T-Mobile USA, Inc., via personal service to CSC - Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833, per FRCP 4(h)(1)(B), with courtesy copies mailed to 12920 SE 38th Street, Bellevue, WA 98006, and emailed to legalnotices@t-mobile.com, per Civil L.R. 5-5(a).

/s/ Mario Juarez

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE(FEDERAL RULE OF CIVIL PROCEDURE 65) - 15

Mario Juarez, Pro Se
66 Franklin Street, Suite 300
Oakland, CA 94607
[mario@mariojuarez.co](mailto:mario@mariojuarez.co)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE(FEDERAL RULE OF CIVIL PROCEDURE 65) - 16