MARIO JUAREZ
66 FRANKLIN STREET, SUITE 300
OAKLAND, CALIFORNIA 94601
mario@mariojuarez.co



FILED
JUN 24 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICADISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

CV 25-5280 SK

MARIO JUAREZ, INDIVIDUALLY AND DOING BUSINESS AS VIVA ENTERTAINMENT COMPANY,

Plaintiff,

vs.

T-MOBILE USA, INC., A DELAWARE CORPORATION, AND DOES 1–20,

Defendant(s)

Case No.:

**EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION**(Federal Rule of Civil Procedure 65(b); Local Rule 65-1)

## I. INTRODUCTION

In the face of T-Mobile USA, Inc.'s unlawful actions, Plaintiff Mario Juarez, a sole proprietor, stands to protect his livelihood, seeking to enforce his federal right to port his phone numbers tied to account 949-864-937, which T-Mobile refuses to release over a disputed $29,265.37 debt. Plaintiff acknowledges T-Mobile's right to pursue the debt legally but challenges their exploitation of the Federal Communications Commission's 45-day aging rule

EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION(FEDERAL RULE OF CIVIL PROCEDURE 65(B); LOCAL RULE 65-1) - 1

(47 C.F.R. § 52.15(f)(1)(ii)), threatening permanent loss of his numbers by July 12, 2025. Plaintiff emailed over fifteen T-Mobile staff from May 28 to June 19, 2025, citing 47 U.S.C. § 251(b)(2) and 47 C.F.R. § 52.35 (Exhibit D), offered $5,000 upfront and biweekly payments (Exhibit B), and faced a demand for full payment (Exhibits A, C), violating federal law. T-Mobile's refusal risks mooting relief, necessitating ex parte action. Plaintiff respectfully requests a Temporary Restraining Order (TRO) to restore his numbers, an Order to Show Cause (OSC) for a Preliminary Injunction, and a published opinion to deter T-Mobile's systemic abuse, protecting the public interest.

These numbers, critical for banking (Provident Credit Union, Bank of Montreal), government portals (SAM.gov, PAY.gov, IRS.gov), client trust, and FBI/DOJ whistleblower lines safeguarding Plaintiff as a survivor of two attempted murders, are his lifeline, now causing ongoing business losses and security risks. Plaintiff seeks no monetary damages now, only compliance with the 24 counts in the Verified Complaint, reserving rights to a jury trial, damages, and class certification under Federal Rule of Civil Procedure 23. T-Mobile's actions threaten millions, demanding urgent judicial intervention to enforce 47 U.S.C. § 207 and 28 U.S.C. § 2201.

## II. EX PARTE JUSTIFICATION

1. This Court has authority to grant ex parte relief under Federal Rule of Civil Procedure 65(b) and Civil Local Rule 65-1, as Plaintiff faces immediate and irreparable harm by July 12, 2025, when T-Mobile's refusal risks permanent reassignment of his phone numbers under 47 C.F.R. § 52.15(f)(1)(ii). Granny Goose Foods, Inc. v. Teamsters, 415 U.S. 423, 439 (1974); Reno Air Racing Ass'n v. McCord, 452 F.3d 1126, 1131 (9th Cir.

EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION(FEDERAL RULE OF CIVIL PROCEDURE 65(B); LOCAL RULE 65-1) - 2

2006); Am. Trucking Ass'ns, Inc. v. City of Los Angeles, 559 F.3d 1046, 1052 (9th Cir. 2009); Disney Enters., Inc. v. VidAngel, Inc., 869 F.3d 848, 865 (9th Cir. 2017); First Tech. Safety Sys., Inc. v. Depinet, 11 F.3d 641, 650 (6th Cir. 1993). Loss of these numbers—vital for business, banking, and safety—cannot be undone, necessitating immediate action without prior notice to T-Mobile.

2. Plaintiff exhausted notice efforts, emailing over fifteen T-Mobile staff, including executives, legal counsel, and compliance officers, from May 28 to June 19, 2025, citing 47 U.S.C. § 251(b)(2) and 47 C.F.R. § 52.35, seeking porting of the disputed numbers tied to account 949-864-937, and sent a final notice to legalnotices@t-mobile.com on June 19, 2025, with account verification (PIN [Redacted], EIN [Redacted]) and legal citations (Exhibit D). Plaintiff also called in late May and early June 2025, where representatives refused porting without full payment of $29,265.37 (Exhibits A, C, D). Exhibit D, attached and incorporated by reference, is a true and correct copy, maintained in the normal course of my business, and I affirm its accuracy. T-Mobile's refusal (Exhibit C, Dawn Miller, June 17, 2025) demanding $29,265.37 proves their violation. Further notice risks T-Mobile accelerating the aging process, mooting relief by July 12, 2025. Bennett v. Medtronic, Inc., 285 F.3d 801, 806 (9th Cir. 2002); Carroll v. Nakatani, 342 F.3d 934, 945 (9th Cir. 2003); Am. Can Co. v. Mansukhani, 742 F.2d 314, 322 (7th Cir. 1984).

3. Plaintiff will serve T-Mobile with this Motion and accompanying documents on June 24, 2025, per the Certificate of Service below.

EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION(FEDERAL RULE OF CIVIL PROCEDURE 65(B); LOCAL RULE 65-1) - 3

## III. LEGAL STANDARD

A TRO requires: (1) likelihood of success on the merits; (2) irreparable harm absent relief; (3) balance of equities favoring Plaintiff; and (4) public interest supporting an injunction. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). The Ninth Circuit's sliding scale permits relief with serious questions on the merits and a sharp tilt in equities. Alliance for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131–35 (9th Cir. 2011). For an OSC, a fair chance of success and significant harm suffice. Republic of the Philippines v. Marcos, 862 F.2d 1355, 1362 (9th Cir. 1988); Leiva-Perez v. Holder, 640 F.3d 962, 966 (9th Cir. 2011).

## IV. FACTUAL FOUNDATION

### A. Disputed Phone Numbers

The following phone numbers, among others under T-Mobile account 949-864-937, are in dispute and must be ported:

- (510) 821-6699
- (510) 944-7744
- (510) 736-8080
- (510) 901-9090
- (209) 640-1111
- (702) 515-9797
- (619) 943-0202
- (510) 641-7733
- (510) 641-7711
- (510) 828-5806

EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION(FEDERAL RULE OF CIVIL PROCEDURE 65(B); LOCAL RULE 65-1) - 4

These numbers are critical for Plaintiff's business operations, banking (Provident Credit Union, Bank of Montreal), government portals (SAM.gov, PAY.gov, IRS.gov), client communications, and FBI/DOJ whistleblower lines, essential for his safety as a survivor of two attempted murders.

### B. T-Mobile's Profit-Driven Lawlessness

1. May 28, 2025: Plaintiff requested WaveStreet Data to port the numbers, providing PIN [Redacted] and EIN [Redacted]. T-Mobile rejected on May 30, 2025, citing an "account hold" (Exhibit A).
2. Late May/Early June 2025: Plaintiff called T-Mobile multiple times, where representatives refused porting without full payment of $29,265.37.
3. May 28–June 19, 2025: Plaintiff emailed over fifteen T-Mobile staff, citing 47 U.S.C. § 251(b)(2) and 47 C.F.R. § 52.35, seeking porting, with a final notice to legalnotices@t-mobile.com on June 19, 2025 (Exhibit D).
4. June 12, 2025: Plaintiff offered $5,000 upfront and biweekly payments for the disputed $29,265.37 debt, demonstrating good faith (Exhibit B).
5. June 17, 2025: T-Mobile's Dawn Miller refused porting unless the full $29,265.37 was paid (Exhibit C), violating 47 C.F.R. § 52.35.

### C. Ongoing Harm

T-Mobile's refusal causes severe business loss—eroding client trust and contracts worth thousands monthly—and risks Plaintiff's safety via whistleblower lines. These harms are irreparable, escalating as the July 12, 2025, deadline approaches, rendering monetary damages inadequate.

### V. LEGAL VIOLATIONS

**T-Mobile's actions violate:**

1. Federal Law:

    - 47 U.S.C. § 251(b)(2): Mandates number portability. AT&T Corp. v. Iowa Utils. Bd., 525 U.S. 366, 378 (1999).

    - 47 C.F.R. § 52.35(b)(1): Prohibits conditioning porting on payment. In re Telephone Number Portability, 18 FCC Rcd 23697, 23702 (2003).

    - 47 U.S.C. §§ 201(b), 202(a), 203(c), 207: Ban unjust practices, enforceable judicially. Global Crossing Telecomms., Inc. v. Metrophones Telecomms., Inc., 550 U.S. 45, 53 (2007).

2. California Law:

    - Cal. Pub. Util. Code §§ 451, 710, 2890(d): Prohibit coercive denials. S. Cal. Edison Co. v. Peevey, 31 Cal. 4th 781, 792 (2003).

    - Cal. Civ. Code § 1770(a)(5), (19): Ban misrepresentation and unconscionable practices. Meyer v. Sprint Spectrum L.P., 45 Cal. 4th 634, 641 (2009).

    - Cal. Bus. & Prof. Code §§ 17200, 17500: Proscribe unfair practices. Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co., 20 Cal. 4th 163, 180 (1999).

    - Cal. Const. Art. I, §§ 1, 7: Protect livelihood and due process. People v. Glaze, 27 Cal. 3d 841, 845 (1980).

3. Supremacy Clause: T-Mobile's policies are void under federal law. Verizon Md., Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 642 (2002).

## VI. ARGUMENT

### A. Likelihood of Success on the Merits

Plaintiff's 24 causes of action in the Verified Complaint establish a strong likelihood of success. T-Mobile's refusal (Exhibit C) violates 47 C.F.R. § 52.35(b)(1), as confirmed by the FCC's Consumer Guide. In re Numbering Policies, 30 FCC Rcd 6839, 6853 (2015). Plaintiff's good-faith efforts (Exhibit B) and T-Mobile's defiance (Exhibits A, C, D) confirm a pattern inherited from Sprint (FCC 19-103, 34 FCC Rcd 10578 (2019)). Federal and state laws, including 47 U.S.C. §§ 201(b), 202(a), 203(c), and Cal. Bus. & Prof. Code § 17200, preempt T-Mobile's defenses, ensuring success. Global Crossing, 550 U.S. at 53; Pacific Bell v. Pac-West Telecomm, Inc., 325 F.3d 1114, 1125 (9th Cir. 2003).

### B. Irreparable Harm

Loss of Plaintiff's numbers by July 12, 2025, severs business operations, banking access, and safety, causing ongoing losses of client contracts worth thousands monthly, unrecoverable harms. eBay, Inc. v. Bidder's Edge, 100 F. Supp. 2d 1058, 1066 (N.D. Cal. 2000); Small v. Avanti Health Sys., 661 F.3d 1180, 1197 (9th Cir. 2011).

### C. Balance of Equities

The equities favor Plaintiff, whose livelihood and safety are at stake, while T-Mobile faces no burden, retaining debt collection rights. Alliance for the Wild Rockies, 632 F.3d at 1135; Stormans, Inc. v. Selecky, 586 F.3d 1109, 1138 (9th Cir. 2009).

### D. Public Interest

A TRO upholds FCC mandates, protecting millions from T-Mobile's tactics, as detailed in the Verified Complaint's Section IV.B. Nken v. Holder, 556 U.S. 418, 436 (2009); Kasky v. Nike, Inc., 27 Cal. 4th 939, 949 (2002). A published opinion will deter nationwide abuse. In re Cement Antitrust Litig., 688 F.2d 1290, 1302 (9th Cir. 1982).

### E. Anticipated Defenses

1. **Arbitration and Contract Defenses Invalid:** T-Mobile's arbitration clauses are nullified by 47 U.S.C. § 207 (all counts). Vaden v. Discover Bank, 556 U.S. 49, 62 (2009); Verizon Md., Inc. v. Pub. Serv. Comm'n of Md., 535 U.S. 635, 642 (2002).

2. **Account Hold Unlawful:** T-Mobile's hold violates 47 C.F.R. § 52.35(b)(1) (Counts 1–4, 15–17). In re Telephone Number Portability, 18 FCC Rcd 23697, 23702 (2003).

3. **Irreparable Harm Established:** Plaintiff's business and safety losses are irreparable (all counts). eBay, Inc. v. Bidder's Edge, 100 F. Supp. 2d 1058, 1066 (N.D. Cal. 2000).

4. **State Law Claims Not Preempted:** Counts 7–14, 20–24 are not preempted. Pacific Bell v. Pac-West Telecomm, Inc., 325 F.3d 1114, 1125 (9th Cir. 2003).

5. **Private Right of Action Exists:** 47 U.S.C. § 207 allows claims under §§ 202(a), 203(c) (Counts 18–19). Global Crossing Telecomms., Inc. v. Metrophones Telecomms., Inc., 550 U.S. 45, 53 (2007).

6. **Tort Claims Sufficiently Specific:** Counts 21–23 meet FRCP 8(a) (Verified Complaint Sections IV.A.2, IV.A.5, IV.A.6). Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

7. **Article III Standing Established:** Plaintiff's injuries establish standing (all counts). TransUnion LLC v. Ramirez, 594 U.S. 413 (2021).

8. **Primary Jurisdiction Inapplicable:** 47 U.S.C. § 207 precludes FCC deferral (Counts 1–6, 15–19). Global Crossing Telecomms., Inc. v. Metrophones Telecomms., Inc., 550 U.S. 45, 53 (2007).

9. **Unjust Enrichment Not Duplicative:** Count 24 is pled in the alternative, permissible under FRCP 8(d)(2). Wolf v. Wells Fargo Bank, N.A., 2011 WL 4831208, at *8 (N.D. Cal. Oct. 12, 2011).

## VII. AUTHORITY FOR PUBLISHED OPINION

A published opinion under 28 U.S.C. § 1292(a)(1) is warranted to address T-Mobile's systemic abuse, a recurring issue threatening millions, as sought in the Verified Complaint's Section VII.A. In re Cement Antitrust Litig., 688 F.2d 1290, 1302 (9th Cir. 1982); United States v. W.T. Grant Co., 345 U.S. 629, 633 (1953); SEC v. Capital Gains Research Bureau, Inc., 375 U.S. 180, 195 (1963). It will clarify 47 C.F.R. § 52.35, deter carriers, and protect public interest.

## VIII. PRAYER FOR RELIEF

Plaintiff respectfully requests:

1. A Temporary Restraining Order compelling T-Mobile to port all numbers tied to account 949-864-937 to WaveStreet Data within 48 hours, enjoining refusal, conditioning on payment, disconnection, or recycling.

2. An Order to Show Cause within 14 days for a Preliminary Injunction under the same terms.

3. A Declaratory Judgment under 28 U.S.C. § 2201 that T-Mobile's refusal is unlawful and void.

4. Preservation Orders barring aging/reassignment for 90 days and requiring record retention.

5. A published opinion under 28 U.S.C. § 1292(a)(1) to deter nationwide abuse and clarify federal law.

6. Reservation of rights to amend under FRCP 15 for damages, class certification (FRCP 23), and jury trial (FRCP 38).

EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION(FEDERAL RULE OF CIVIL PROCEDURE 65(B); LOCAL RULE 65-1) - 9

7. Further relief as the Court deems just, per 47 U.S.C. § 401(b).

8. Referral of T-Mobile's conduct to the FCC, CPUC, California Attorney General, U.S. Attorney's Office, and SEC for investigation of Telecommunications Act breaches, consumer protection violations, and potential false merger statements.

Dated: June 23, 2025

/s/ Mario Juarez

Mario Juarez, Pro Se
66 Franklin Street, Suite 300
Oakland, CA 94607
mario@mariojuarez.co

**Certificate of Service**

I, Mario Juarez, certify under penalty of perjury that on June 23, 2025, I will serve a true copy of this Ex Parte Motion for Temporary Restraining Order and Order to Show Cause on T-Mobile USA, Inc., via personal service to CSC - Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833, with courtesy copies sent via first-class mail to 12920 SE 38th Street, Bellevue, WA 98006, and email to legalnotices@t-mobile.com.

/s/ Mario Juarez

Mario Juarez
Plaintiff, Pro Se
66 Franklin Street, Suite 300
Oakland, CA 94607
mario@mariojuarez.co