1  MARIO JUAREZ
   66 FRANKLIN STREET, SUITE 300
2  OAKLAND, CALIFORNIA 94601
   mario@mariojuarez.co

**FILED**

**JUN 24 2025**

CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES OF AMERICA DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| **MARIO JUAREZ, INDIVIDUALLY AND DOING BUSINESS AS VIVA ENTERTAINMENT COMPANY,** <br><br> Plaintiff, <br><br> vs. <br><br> **T-MOBILE USA, INC., A DELAWARE CORPORATION, AND DOES 1–20,** <br><br> Defendant(s) | Case No.: **CV 25-5280 SK** <br><br> EX PARTE MOTION FOR JUDICIAL NOTICE, EXPEDITED DISCOVERY, AND PRESERVATION OF EVIDENCE ON AN EMERGENCY BASIS (Federal Rule of Evidence 201; Federal Rules of Civil Procedure 26(d)(1), 7(b); Civil Local Rules 7-2, 65-1) |

## I. Introduction

T-Mobile USA, Inc., a towering telecom titan, brandishes its iron grip with unbridled contempt, defiantly refusing to port the ten phone numbers tied to Plaintiff Mario Juarez's account 949-864-937—the lifeblood of his sole proprietorship—while wielding lawless arrogance to crush his livelihood. Plaintiff's ceaseless good-faith efforts—offering $5,000 and biweekly payments (Exhibit B), flooding over fifteen T-Mobile staff with legal demands from May 28 to June 19, 2025 (Exhibit D), and imploring compliance with federal mandates—were

EX PARTE MOTION FOR JUDICIAL NOTICE, EXPEDITED DISCOVERY, AND PRESERVATION OF EVIDENCE ON AN EMERGENCY BASIS (FEDERAL RULE OF EVIDENCE 201; FEDERAL RULES OF CIVIL PROCEDURE 26(D)(1), 7(B); CIVIL LOCAL RULES 7-2, 65-1) - 1

met with T-Mobile's scorn, their June 17, 2025, demand for $29,265.23 (Exhibit C) slamming shut the gates of justice. This calculated treachery, exploiting the Federal Communications Commission's 45-day aging rule (47 C.F.R. § 52.15(f)(1)(ii)), threatens to obliterate Plaintiff's business, identity, and safety as a survivor of two attempted murders by July 12, 2025. T-Mobile's brazen defiance, rooted in notice of unlawful porting conduct from a possible 2007 Sprint consent decree (FCC DA 07-311) and concealed through fraudulent SEC filings, deceives U.S. government agencies, investors, and the public, revealing profit-driven motives to flout federal law. Plaintiff's Verified Complaint, Ex Parte Motion for Temporary Restraining Order (TRO) and Order to Show Cause (OSC), Memorandum of Points and Authorities, Declaration, and Proposed Order, filed concurrently on June 23, 2025, expose T-Mobile's flagrant violations of federal and state law (47 C.F.R. § 52.35(b)(1); 47 U.S.C. § 251(b)(2); Cal. Bus. & Prof. Code § 17200). To shatter T-Mobile's veil of deceit, safeguard evidence, and secure justice before the guillotine falls, Plaintiff moves ex parte for:

1. Judicial Notice under *Federal Rule of Evidence 201* of regulatory edicts condemning T-Mobile's misconduct and affirming Plaintiff's rights.
2. Expedited Discovery under *FRCP 26(d)(1)* to unearth T-Mobile's illicit policies, profit motives, and fraudulent misrepresentations.
3. Preservation of Evidence to thwart the destruction of records vital to this Court's ruling.

Access to this information is of paramount importance to advance this case, protect millions from T-Mobile's unlawful acts, and expose the profit-driven defiance of federal porting laws, shielding the public from a predatory telecom empire (*Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 2008).

## II. Ex Parte Justification

This Court has authority to grant ex parte relief under *FRCP 7(b)* and *Civil L.R. 65-1*, as Plaintiff faces irreparable harm by July 12, 2025, when T-Mobile's refusal risks permanent reassignment of his numbers (47 C.F.R. § 52.15(f)(1)(ii)) (*Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 439, 1974). Plaintiff exhausted notice efforts, emailing over fifteen T-Mobile staff, including executives, legal counsel, and compliance officers, from May 28 to June 19, 2025, citing 47 U.S.C. § 251(b)(2) and 47 C.F.R. § 52.35, and sent a final notice to legalnotices@t-mobile.com on June 19, 2025, with account verification (PIN [Redacted], EIN [Redacted]) (Exhibit D). Plaintiff also called T-Mobile in late May and early June 2025, facing refusals absent payment (Exhibits A, C, D). Further notice risks T-Mobile accelerating reassignment or destroying evidence, mooting relief (*Bennett v. Medtronic, Inc.*, 285 F.3d 801, 806, 9th Cir. 2002). Plaintiff will serve this motion via personal service to CSC - Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833, with courtesy copies via first-class mail to 12920 SE 38th Street, Bellevue, WA 98006, and email to legalnotices@t-mobile.com, by June 24, 2025 (*FRCP 4(h)(1)(B)*; *Civil L.R. 5-5(a)*).

## III. Request for Judicial Notice

Pursuant to *FRE 201(b)(2)*, Plaintiff requests judicial notice of the following publicly available documents, whose accuracy cannot be questioned, as they are essential to Plaintiff's claims and T-Mobile's defenses:

1. FCC 19-103, 34 FCC Rcd 10578 (2019): The FCC's order approving T-Mobile's merger

with Sprint, highlighting T-Mobile's inherited regulatory obligations and market dominance, relevant to systemic abuse claims (Complaint, Section V.A; Declaration, Section IX). Source: https://docs.fcc.gov/public/attachments/FCC-19-103A1.pdf.

2. FCC's 2021 Consumer Guide, "Porting: Keeping Your Phone Number When You Change Providers": Affirms carriers may not refuse porting due to unpaid balances, supporting claims under 47 C.F.R. § 52.35(b)(1) (Complaint, Section V.1; TRO Motion, Section V.A). Source: https://www.fcc.gov/consumers/guides/porting-keeping-your-phone-number-when-changing-providers.

3. CPUC General Order 168 (2010): Establishes California's number portability rules, reinforcing state law claims under Cal. Bus. & Prof. Code § 17200 (Complaint, Section V.2). Source: https://docs.cpuc.ca.gov/PublishedDocs/Published/G000/M209/K772/209772256.PDF.

4. FCC DA 07-311 (2007): A possible FCC enforcement action or consent decree against Sprint for unlawful number portability denials, potentially giving T-Mobile actual notice of such violations as Sprint's successor, relevant to Plaintiff's fraud and systemic claims (Complaint, Section V.A; Declaration, Section IX), subject to verification as a public record. Source: https://docs.fcc.gov/public/attachments/DA-07-311A1.pdf.

5. DOJ Consent Decree, United States v. Deutsche Telekom AG, No. 1:19-cv-02232 (D.D.C. 2019): The DOJ's settlement with T-Mobile and Sprint, requiring divestitures to DISH Network, establishing T-Mobile's merger obligations as Sprint's successor, relevant to systemic compliance (Complaint, Section V.A). Source: 84 Fed. Reg. 40227 (Aug. 14, 2019).

6. SEC Form S-4 Joint Proxy Statement / Prospectus, T-Mobile US, Inc. and Sprint Corporation (2018–2020): T-Mobile and Sprint's merger filings, representing compliance with federal telecommunications law, relevant to Plaintiff's fraud claims (Complaint, Section V.A). Source: https://www.sec.gov/Archives/edgar/data/1283699/000119312518290059/d620975ds4.htm.

7. CPUC Docket A.18-07-011 (2018–2020): State-level regulatory approval process for the T-Mobile/Sprint merger, including consumer safeguards and number portability compliance, relevant to state law claims (Complaint, Section V.2). Source: https://apps.cpuc.ca.gov/apex/f?p=401:57:0::NO:RP,57,RIR:P5_PROCEEDING_SELECT:A1807011.

These documents are official government publications or records, not subject to dispute (*Lee v. City of Los Angeles*, 250 F.3d 668, 689, 9th Cir. 2001). Judicial notice streamlines adjudication without prejudice (*United States v. Ritchie*, 342 F.3d 903, 908, 9th Cir. 2003).

### IV. Request for Expedited Discovery

Pursuant to *FRCP 26(d)(1)*, Plaintiff seeks expedited discovery to expose T-Mobile's systemic policies, profit motives, and fraudulent misrepresentations regarding phone line porting, critical to prevent irreparable harm by July 12, 2025, and substantiate class certification (Complaint, Section VII.5). Access to this information is of paramount importance to advance this case, protect the public from T-Mobile's unlawful acts, and reveal the profit-driven motives and business assumptions behind their defiance of federal porting laws (47 C.F.R. § 52.35(b)(1); 47

U.S.C. § 251(b)(2)). Good cause exists where discovery avoids prejudice or supports urgent equitable relief (*Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276, N.D. Cal. 2002). Plaintiff requests discovery from T-Mobile, Sprint, their parent companies (Deutsche Telekom AG, SoftBank Group Corp.), and all subsidiaries or entities they own, control, or manage, narrowly tailored to porting issues since January 1, 2007:

1. Document Requests: a. All records, communications, emails, texts, letters, memos, CRM notes, conversation logs, call recordings, and schedule logs related to account 949-864-937, Plaintiff Mario Juarez, or Viva Entertainment Company, including porting requests, denials, and account holds since January 1, 2007. b. All policies, manuals, handbooks, training guides, scripts, and protocols on number porting, including "account hold" flags, status codes, or rejection criteria, since January 1, 2007. c. All records of fines, sanctions, settlements, complaints (consumer, regulatory, or internal), lawsuits, arbitrations, mediations, and investigations related to phone line porting or porting practices by T-Mobile, Sprint, Deutsche Telekom AG, SoftBank Group Corp., or their subsidiaries or controlled entities, including outcomes and liabilities assumed through mergers, since January 1, 2007. d. Financial forecasts, business plans, performance targets, or projections tied to revenue, costs, or profits from porting denials or customer retention via account holds, including internal valuations of porting practices, since January 1, 2007. e. All communications, internal and external, involving executives, managers, supervisors, compliance officers, or legal counsel of T-Mobile, Sprint, Deutsche Telekom AG, SoftBank Group Corp., or their subsidiaries regarding porting policies, denials, regulatory compliance, fines, investigations, or liabilities since January 1, 2007. f. All

financial records, analyses, or reports related to phone line porting practices, including revenue, costs, profits, or losses derived from porting denials or account holds, by T-Mobile, Sprint, Deutsche Telekom AG, SoftBank Group Corp., or their subsidiaries, since January 1, 2007. g. All merger-related documents, compliance records, audits, or memoranda submitted to or received from the FCC, DOJ, CPUC, SEC, or other regulators regarding porting obligations or liabilities assumed from Sprint or other merged entities (e.g., MetroPCS, Assurance Wireless), since January 1, 2007. h. All communications with media consultants, public relations firms, or crisis management advisors regarding porting policies, denials, public perception, regulatory risks, fines, or investigations, including strategies to mitigate porting-related scrutiny, since January 1, 2007. i. All communications with outside counsel, including law firms or legal advisors, regarding porting policies, denials, compliance, fines, investigations, or litigation, since January 1, 2007. j. All communications with regulators at federal (e.g., FCC, DOJ, SEC), state (e.g., CPUC, California AG), or local levels regarding porting policies, denials, compliance, fines, investigations, or merger obligations, since January 1, 2007. k. All communications with government officials or elected officials (federal, state, local) regarding porting policies, denials, regulations, or compliance, including correspondence, meeting notes, or briefings, since January 1, 2007. l. All communications, contracts, or disclosures involving lobbyists or lobbying firms regarding porting regulations, policies, denials, or compliance, including position papers, advocacy materials, or legislative strategies, since January 1, 2007. m. All reports, analyses, or advice from financial experts, economists, or consultants regarding porting practices, including profitability,

EX PARTE MOTION FOR JUDICIAL NOTICE, EXPEDITED DISCOVERY, AND PRESERVATION OF EVIDENCE ON AN EMERGENCY BASIS (FEDERAL RULE OF EVIDENCE 201; FEDERAL RULES OF CIVIL PROCEDURE 26(D)(1), 7(B); CIVIL LOCAL RULES 7-2, 65-1) - 7

regulatory risks, or compliance costs, since January 1, 2007. n. All advice, recommendations, or communications from any third party (e.g., industry groups, trade associations, vendors) regarding porting policies, denials, compliance, or best practices, since January 1, 2007. o. All consent decrees or enforcement actions, including FCC DA 07-311 (2007), related to phone line porting violations by T-Mobile, Sprint, Deutsche Telekom AG, SoftBank Group Corp., or their subsidiaries, including internal reviews or compliance measures, since January 1, 2007. p. All SEC filings, compliance plans, or representations by T-Mobile, Sprint, Deutsche Telekom AG, or SoftBank Group Corp. regarding adherence to porting regulations or merger obligations, including assumed liabilities, since January 1, 2007, to probe potential fraud against agencies, investors, and the public. q. Internal audits, risk assessments, compliance reviews, or legal evaluations of porting practices, aging timelines, customer disputes, fines, investigations, or liabilities assumed through mergers, since January 1, 2007. r. All records of customer retention strategies, marketing plans, or business assumptions tied to porting denials, including profit motives or incentives for non-compliance, since January 1, 2007.

2. Interrogatories: a. Identify all personnel, including executives, managers, and supervisors, involved in Plaintiff's porting requests (May 28–June 19, 2025) or decisions to deny porting for account 949-864-937. b. Describe T-Mobile's process for denying porting based on balances, including legal justifications, internal approval chains, and involvement of executives, managers, supervisors, or third parties (e.g., consultants, counsel), since January 1, 2007. c. List all outside consultants, lobbyists, attorneys, financial experts, or third parties engaged on porting issues by T-Mobile, Sprint,

Deutsche Telekom AG, SoftBank Group Corp., or their subsidiaries since January 1, 2007, including roles, contact information, and scope of work. d. Identify all executives, managers, supervisors, or compliance officers of T-Mobile, Sprint, Deutsche Telekom AG, SoftBank Group Corp., or their subsidiaries responsible for porting policy decisions, regulatory compliance, fines, investigations, SEC filings, or merger-related porting obligations since January 1, 2007. e. Describe all communications with regulators, government officials, or elected officials regarding porting policies, denials, or compliance, including dates, participants, and outcomes, since January 1, 2007.

3. Depositions: a. Mike Sievert, President and CEO, to testify on porting policies, systemic practices, profit motives, and SEC compliance representations. b. Peter Osvaldik, EVP and CFO, to address financial forecasts, revenue from porting denials, and SEC filings. c. Matt Staneff, CMO, to discuss customer retention strategies, media consultant communications, and porting-related marketing. d. Mark Nelson, EVP and General Counsel, to testify on legal compliance, outside counsel, regulatory fines, investigations, and SEC fraud allegations. e. Callie Field, President, Business Group, to address porting denials for business accounts like 949-864-937. f. Jon Freier, President, Consumer Group, to testify on consumer porting practices. g. Dawn Miller, Federal Government P-Lead (Exhibit C author), to address Plaintiff's specific denial. h. T-Mobile's compliance officer overseeing porting policies and regulatory interactions. i. Managers and supervisors responsible for porting operations or denials, as identified through discovery, subject to court approval for proportionality. j. Representatives of Deutsche Telekom AG or SoftBank Group Corp. involved in porting compliance or merger obligations, as

EX PARTE MOTION FOR JUDICIAL NOTICE, EXPEDITED DISCOVERY, AND PRESERVATION OF EVIDENCE ON AN EMERGENCY BASIS (FEDERAL RULE OF EVIDENCE 201; FEDERAL RULES OF CIVIL PROCEDURE 26(D)(1), 7(B); CIVIL LOCAL RULES 7-2, 65-1) - 9

  identified through discovery, subject to court approval.

 4. Privilege Log: A detailed log for withheld documents, including type, author, recipient, subject, date, and privilege basis (*FRCP 26(b)(5)*).

Urgency and Importance: T-Mobile's refusal (Exhibit C), inherited notice from a possible 2007 Sprint consent decree (FCC DA 07-311), and potential SEC fraud suggest systemic abuses across their 100 million-plus customer base (FCC 19-103), necessitating immediate discovery to prevent number loss by July 12, 2025, and protect the public. Access to these records is of paramount importance to reveal T-Mobile's profit motives, business assumptions, and systemic defiance of federal law, safeguarding consumers and supporting class certification (*Rovio Entm't Ltd. v. Royal Plush Toys, Inc.*, 907 F. Supp. 2d 1086, 1099, N.D. Cal. 2012). The scope is proportional given T-Mobile's resources and minimal burden (*FRCP 26(b)(1)*; *Qwest Commc'ns Int'l, Inc. v. WorldQuest Networks, Inc.*, 213 F.R.D. 418, 419, D. Colo. 2003).

## V. Request for Preservation of Evidence

To prevent spoliation, Plaintiff requests an order requiring T-Mobile, its agents, affiliates, subsidiaries, and vendors to:

 1. Preserve all evidence, including all electronic recordings (e.g., call recordings, voicemails, and other audio or video records), electronic communications, metadata, audit trails, and documents related to account 949-864-937, porting policies, customer complaints, executive schedules, consultant interactions, regulatory filings, and SEC documents since January 1, 2019. Records related to FCC DA 07-311 (2007) or other porting violations prior to 2019 are sought via discovery (Section IV.1.o).

2. Implement litigation holds on responsive materials, including emails, CRM entries, call logs, chat logs, texts, recordings, and schedule logs.
3. Suspend data deletion, recycling, or overwriting policies affecting relevant records.

This order is critical to safeguard evidence, given the risk of automatic deletion as numbers age out (*Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 216, S.D.N.Y. 2003).

## VI. Legal Standard

1. Judicial Notice: Courts may take notice of indisputable public records relevant to the case (*FRE 201(b)(2)*; *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998, 9th Cir. 2010).
2. Expedited Discovery: Good cause exists when discovery prevents irreparable harm or supports equitable relief (*Semitool*, 208 F.R.D. at 276; *Apple Inc. v. Samsung Elecs. Co.*, 2011 WL 1938154, at *2, N.D. Cal. May 18, 2011).
3. Preservation: Courts may order preservation to prevent spoliation, especially with electronic evidence (*Zubulake*, 220 F.R.D. at 216).

## VII. Argument

1. Judicial Notice is Warranted: The FCC 19-103 order, FCC's 2021 Consumer Guide, CPUC General Order 168, FCC DA 07-311, DOJ Consent Decree, SEC Form S-4, and CPUC Docket A.18-07-011 clarify T-Mobile's obligations, notice of unlawful conduct, and Plaintiff's rights, supporting likelihood of success (*Winter*, 555 U.S. at 20). Notice is non-prejudicial (*Lee*, 250 F.3d at 689).
2. Expedited Discovery is Critical: T-Mobile's refusal (Exhibit C), inherited notice from a

possible 2007 Sprint consent decree, and potential SEC fraud suggest systemic abuses, requiring discovery to: a. Prevent number loss by July 12, 2025, protecting Plaintiff's livelihood and safety (*eBay, Inc. v. Bidder's Edge*, 100 F. Supp. 2d 1058, 1066). b. Support class certification by exposing T-Mobile's systemic porting violations affecting millions (Complaint, Section VII.5) (*Chambers v. NASCO, Inc.*, 501 U.S. 32, 45, 1991). c. Reveal profit motives, business assumptions, and communications with consultants, regulators, and officials driving T-Mobile's defiance, protecting the public (*Rovio*, 907 F. Supp. 2d at 1099).

3. Preservation is Essential: Without a preservation order, critical evidence, including recordings and historical records, risks deletion, undermining Plaintiff's claims and public protection (*Zubulake*, 220 F.R.D. at 216).

**VIII. Prayer for Relief**

Plaintiff respectfully requests:

1. Judicial Notice of FCC 19-103, FCC's 2021 Consumer Guide, CPUC General Order 168, FCC DA 07-311, DOJ Consent Decree, SEC Form S-4, and CPUC Docket A.18-07-011 under *FRE 201*.

2. Expedited Discovery under *FRCP 26(d)(1)*, compelling T-Mobile to produce documents, respond to interrogatories, provide a privilege log, and make witnesses available within 10 days, with Plaintiff permitted to seek, and the Court authorized to grant, additional expedited discovery based on facts obtained, per *FRCP 26(d)(1)*.

3. Preservation Order under *FRCP 37(e)*, requiring T-Mobile to retain all relevant evidence,

EX PARTE MOTION FOR JUDICIAL NOTICE, EXPEDITED DISCOVERY, AND PRESERVATION OF EVIDENCE ON AN EMERGENCY BASIS (FEDERAL RULE OF EVIDENCE 201; FEDERAL RULES OF CIVIL PROCEDURE 26(D)(1), 7(B); CIVIL LOCAL RULES 7-2, 65-1) - 12

including all electronic recordings (e.g., call recordings, voicemails, and other audio or video records), and implement litigation holds, with no delay granted or approved for compliance, and failure to comply constituting civil contempt under *FRCP 37(b)(2)*, subjecting T-Mobile and its executives, officers, employees, or agents knowingly responsible to personal liability.

4. Emergency Hearing if needed to address the July 12, 2025, deadline (*Civil L.R. 65-1(b)*).
5. Referral of T-Mobile's conduct to the FCC, CPUC, California AG, U.S. Attorney's Office, and SEC for investigation.
6. Published Opinion under 28 U.S.C. § 1292(a)(1) to deter systemic abuse (*In re Cement Antitrust Litig.*, 688 F.2d 1290, 1302, 9th Cir. 1982).
7. Further relief as just, per 47 U.S.C. § 401(b).

Dated: June 23, 2025

/s/ Mario Juarez

Mario Juarez, Pro Se
66 Franklin Street, Suite 300
Oakland, CA 94607
mario@mariojuarez.co

## Certificate of Service

I, Mario Juarez, certify under penalty of perjury that on June 23, 2025, I will serve a true copy of this Ex Parte Motion for Judicial Notice, Expedited Discovery, and Preservation of Evidence on T-Mobile USA, Inc., via personal service to CSC - Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833, with courtesy copies sent via first-class mail to 12920 SE 38th Street, Bellevue, WA 98006, and email to legalnotices@t-

EX PARTE MOTION FOR JUDICIAL NOTICE, EXPEDITED DISCOVERY, AND PRESERVATION OF EVIDENCE ON AN EMERGENCY BASIS (FEDERAL RULE OF EVIDENCE 201; FEDERAL RULES OF CIVIL PROCEDURE 26(D)(1), 7(B); CIVIL LOCAL RULES 7-2, 65-1) - 13

mobile.com, per *FRCP 4(h)(1)(B)* and *Civil L.R. 5-5(a)*.

/s/ Mario Juarez

EX PARTE MOTION FOR JUDICIAL NOTICE, EXPEDITED DISCOVERY, AND PRESERVATION OF EVIDENCE ON AN EMERGENCY BASIS (FEDERAL RULE OF EVIDENCE 201; FEDERAL RULES OF CIVIL PROCEDURE 26(D)(1), 7(B); CIVIL LOCAL RULES 7-2, 65-1) - 14