MARIO JUAREZ
66 FRANKLIN STREET, SUITE 300
OAKLAND, CALIFORNIA 94607
mario@mariojuarez.co

FILED
JUN 25 2025
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| MARIO JUAREZ, INDIVIDUALLY AND DOING BUSINESS AS VIVA ENTERTAINMENT COMPANY,<br><br>Plaintiff,<br><br>vs.<br><br>T-MOBILE USA, INC., A DELAWARE CORPORATION, AND DOES 1–20,<br><br>Defendant(s) | Case No.: CV 25-5280 (SK) (WHO)<br><br>FIRST AMENDED VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF; RESERVATION OF RIGHTS TO DAMAGES, JURY TRIAL, AND CLASS CERTIFICATION<br><br>(47 U.S.C. §§ 201(B), 202(A), 203(C), 206, 207, 251(B)(2); 47 C.F.R. §§ 52.35, 64.1120; 28 U.S.C. §§ 1331, 1367, 2201; CAL. CIV. CODE § 1770; CAL. BUS. & PROF. CODE §§ 17200, 17500; CAL. PUB. UTIL. CODE §§ 451, 710, 2890(D); CAL. CONST. ART. I, §§ 1, 7) |

## I. INTRODUCTION

Plaintiff, Mario Juarez, humbly and respectfully submits this First Amended Verified Complaint pursuant to Rule 15(a)(1)(A) of the Federal Rules of Civil Procedure. This amendment is filed to make it right, within the allowed time, and prior to service upon Defendant

or the filing of any responsive pleading, to ensure the claims are presented with the accuracy and clarity this Honorable Court deserves.

Plaintiff acknowledges that the initial Verified Complaint, filed on June 24, 2025, contained typographical errors, structural redundancies, and formatting inconsistencies. As a pro se litigant appearing for the first time before this Honorable Court, Plaintiff exercises this opportunity to amend and correct these issues, driven by a steadfast commitment to uphold the integrity of this case and its pursuit of justice.

No substantive changes have been made to the legal claims or factual foundation. Plaintiff seeks not indulgence but to make this pleading right, ensuring the urgent and ongoing violations of federal telecommunications law are presented with the seriousness this Honorable Court merits.

Plaintiff prays that this Honorable Court accept this amended pleading as a rightful correction to prior deficiencies in format and presentation, affirming the gravity and urgency of the legal violations asserted.

This case exposes a dire public crisis wrought by T-Mobile USA, Inc., a telecom behemoth serving over 131 million customers as of Q1 2025—encompassing postpaid, prepaid, wholesale, and fixed wireless access lines, per its SEC 10-K filings and investor updates (investor.t-mobile.com, en.wikipedia.org)—whose unlawful refusal to port Plaintiff Mario Juarez's 10+ phone lines, critical to his livelihood and safety, unleashes unconscionable obligations and systemic abuse. T-Mobile's flagrant violation of 47 United States Code Section 251(b)(2) and 47 Code of Federal Regulations Section 52.35(b)(1), conditioning porting on a

FIRST AMENDED VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF; RESERVATION OF RIGHTS TO DAMAGES, JURY TRIAL, AND CLASS CERTIFICATION(47 U.S.C. §§ 201(B), 202(A), 203(C), 206, 207, 251(B)(2); 47 C.F.R. §§ 52.35, 64.1120; 28 U.S.C. §§ 1331, 1367, 2201; CAL. CIV. CODE § 1770; CAL. BUS. & PROF. CODE §§ 17200, 17500; CAL. PUB. UTIL. CODE §§ 451, 710, 2890(D); CAL. CONST. ART. I, §§ 1, 7) - 2

disputed $29,265.37 debt, not only imperils Plaintiff's identity and security as a survivor of two attempted murders by July 12, 2025, but inflicts massive harm on its vast customer base. This predatory conduct, inherited and amplified from Sprint's practices post-merger (FCC 19-103, 34 FCC Rcd 10578 (2019)), imposes unjust financial burdens, severs essential services, and erodes public trust across millions, with potential class-wide impact. The scale of this injustice demands immediate judicial intervention to halt T-Mobile's treachery and protect consumers nationwide.

Plaintiff, a entrepreneur, seeks not monetary damages at this stage but the Honorable Court's resolute enforcement of federal law, nullifying T-Mobile's ploys under 47 U.S.C. § 207. These filings represent a pivotal opportunity to deliver clarity on telecommunications accountability, ensuring the rule of law prevails and fostering lasting change to safeguard consumer rights. With time critically short, Plaintiff respectfully implores this Honorable Court to act swiftly, preserving his 10+ phone lines and setting a precedent to shield the public from T-Mobile's unlawful dominion.

## II. JURISDICTION AND VENUE

1. This Court has federal question jurisdiction under 28 United States Code Section 1331 for violations of the Communications Act, 47 United States Code Sections 201(b), 202(a), 203(c), 206, 207, 251(b)(2), and Federal Communications Commission regulations, 47 Code of Federal Regulations Sections 52.35, 64.1120, enforceable via 47 United States Code Section 207. *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 642 (2002). 47 U.S.C. § 207 grants Plaintiff a direct federal remedy, bypassing

FIRST AMENDED VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF; RESERVATION OF RIGHTS TO DAMAGES, JURY TRIAL, AND CLASS CERTIFICATION(47 U.S.C. §§ 201(B), 202(A), 203(C), 206, 207, 251(B)(2); 47 C.F.R. §§ 52.35, 64.1120; 28 U.S.C. §§ 1331, 1367, 2201; CAL. CIV. CODE § 1770; CAL. BUS. & PROF. CODE §§ 17200, 17500; CAL. PUB. UTIL. CODE §§ 451, 710, 2890(D); CAL. CONST. ART. I, §§ 1, 7) - 3

FCC exhaustion, as this case seeks enforcement of federal porting rights, not debt resolution. *Global Crossing Telecomms., Inc. v. Metrophones Telecomms., Inc.*, 550 U.S. 45, 53 (2007).

2. Declaratory relief is authorized under 28 United States Code Section 2201.

3. Supplemental jurisdiction over California claims (California Civil Code Section 1770; California Business and Professions Code Sections 17200, 17500; California Public Utilities Code Sections 451, 710, 2890(d); California Constitution Article I, Sections 1, 7) is proper under 28 United States Code Section 1367(a), as they arise from the same common nucleus of operative fact—T-Mobile's refusal to port Plaintiff's numbers.[1] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966). Federal courts apply California law to these claims under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938), using state precedents, absent preemption by federal telecommunications law. *Pacific Bell v. Pac-West Telecomm, Inc.*, 325 F.3d 1114, 1125 (9th Cir. 2003).

[1] Certain state claims may be subject to preemption by federal telecommunications law. *Pacific Bell v. Pac-West Telecomm, Inc.*, 325 F.3d 1114, 1125 (9th Cir. 2003).

4. Venue is proper under 28 United States Code Section 1391(b), as Plaintiff resides in Alameda County, California, and T-Mobile conducts substantial business here. *Bates v. United Parcel Serv., Inc.*, 511 F.3d 974, 987 (9th Cir. 2007).

FIRST AMENDED VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF; RESERVATION OF RIGHTS TO DAMAGES, JURY TRIAL, AND CLASS CERTIFICATION(47 U.S.C. §§ 201(B), 202(A), 203(C), 206, 207, 251(B)(2); 47 C.F.R. §§ 52.35, 64.1120; 28 U.S.C. §§ 1331, 1367, 2201; CAL. CIV. CODE § 1770; CAL. BUS. & PROF. CODE §§ 17200, 17500; CAL. PUB. UTIL. CODE §§ 451, 710, 2890(D); CAL. CONST. ART. I, §§ 1, 7) - 4

## III. PARTIES

1. Plaintiff Mario Juarez, an Oakland, California resident over 18 years of age, sole proprietor of Viva Entertainment Company, operates at 66 Franklin Street, Suite 300, Oakland, CA 94607, having previously conducted business at 1241 High Street, Oakland, CA 94601, and various other addresses in Oakland over the past 25 years.

2. Defendant T-Mobile USA, Inc., a Delaware corporation at 12920 SE 38th Street, Bellevue, Washington 98006, is a Federal Communications Commission-licensed carrier and Sprint's successor-in-interest. *Federal Communications Commission 19-103*, 34 Federal Communications Commission Record 10578 (2019).

3. Defendants Does 1–20 are T-Mobile affiliates or agents. Plaintiff reserves the right to amend under FRCP 15 to identify Does 1–20 and add additional charges or violations as discovered.

## IV. FACTUAL ALLEGATIONS

### A. Background

1. For nine years, Plaintiff has maintained T-Mobile business account 949-864-937, with prior personal accounts for 5–7 years. The account includes at least ten phone numbers, critical to his operations, listed as follows:
   - (510) 821-6699
   - (510) 944-7744
   - (510) 736-8080

FIRST AMENDED VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF; RESERVATION OF RIGHTS TO DAMAGES, JURY TRIAL, AND CLASS CERTIFICATION(47 U.S.C. §§ 201(B), 202(A), 203(C), 206, 207, 251(B)(2); 47 C.F.R. §§ 52.35, 64.1120; 28 U.S.C. §§ 1331, 1367, 2201; CAL. CIV. CODE § 1770; CAL. BUS. & PROF. CODE §§ 17200, 17500; CAL. PUB. UTIL. CODE §§ 451, 710, 2890(D); CAL. CONST. ART. I, §§ 1, 7) - 5

1. 
   - (510) 901-9090
   - (209) 640-1111
   - (702) 515-9797
   - (619) 943-0202
   - (510) 641-7733
   - (510) 641-7711
   - (510) 828-5806

   Plaintiff asserts rights to at least ten confirmed phone numbers, listed above, and seeks porting of any additional numbers tied to account 949-864-937, pending audit.

2. These numbers are Plaintiff's lifeblood for banking (Provident Credit Union, Bank of Montreal), government portals (SAM.gov, PAY.gov, IRS.gov), clients, vendors, media, legal documents, court and regulatory filings, government officials, and law enforcement contacts.

3. These numbers are also used for client communications, vendor coordination, and media relations, as well as to maintain critical relationships with government officials.

4. On May 28, 2025, Plaintiff requested WaveStreet Data to port these numbers, providing the MASTER PIN to the T-Mobile Account and Employer Identification Number [Redacted] account. T-Mobile rejected the request on May 30, 2025, citing an "account hold." Exhibit A, attached and incorporated by reference, is a true and correct copy, maintained in the normal course of my business, and I affirm its accuracy.

5. These numbers anchor Plaintiff's FBI/DOJ whistleblower lines, his shield as a survivor of two attempted murders, making T-Mobile's seizure a lethal threat.

6. On June 12, 2025, Plaintiff, acknowledging T-Mobile's claimed $29,265.37 debt solely to expose their pretext, offered $5,000 upfront and biweekly payments in good faith, not seeking debt relief, forgiveness, or any handout, but to secure his federal porting rights under 47 U.S.C. § 251(b)(2). Plaintiff disputes the $29,265.37 debt's validity, as this case is not about debt or money, but T-Mobile's unlawful refusal to port his numbers. Exhibit B, attached and incorporated by reference, is a true and correct copy, maintained in the normal course of my business, and I affirm its accuracy.

7. On June 17, 2025, T-Mobile's Dawn Miller refused to port unless the full balance was paid, violating 47 Code of Federal Regulations Section 52.35. Exhibit C, attached and incorporated by reference, is a true and correct copy, maintained in the normal course of my business, and I affirm its accuracy.

8. From May 28 to June 19, 2025, Plaintiff emailed over fifteen T-Mobile staff, including executives, legal counsel, and compliance officers, citing 47 U.S.C. § 251(b)(2) and 47 C.F.R. § 52.35, demanding porting of the disputed numbers tied to account 949-864-937, and sent a final notice to legalnotices@t-mobile.com on June 19, 2025, with account verification (PIN [Redacted], EIN [Redacted]) and legal citations (Exhibit D). Exhibit D, attached and incorporated by reference, is a true and correct copy, maintained in the normal course of my business, and I affirm its accuracy. These efforts, demonstrating

FIRST AMENDED VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF; RESERVATION OF RIGHTS TO DAMAGES, JURY TRIAL, AND CLASS CERTIFICATION(47 U.S.C. §§ 201(B), 202(A), 203(C), 206, 207, 251(B)(2); 47 C.F.R. §§ 52.35, 64.1120; 28 U.S.C. §§ 1331, 1367, 2201; CAL. CIV. CODE § 1770; CAL. BUS. & PROF. CODE §§ 17200, 17500; CAL. PUB. UTIL. CODE §§ 451, 710, 2890(D); CAL. CONST. ART. I, §§ 1, 7) - 7

Plaintiff's good faith, were met with T-Mobile's refusal to port, as shown in Exhibits A and C.

9. Plaintiff filed complaints with the Federal Communications Commission, California Public Utilities Commission, and California Attorney General, but their mediation delays allow T-Mobile to run the 45-day clock (47 C.F.R. § 52.15(f)(1)(ii)), risking permanent loss by July 12, 2025.

**B. T-Mobile's Profit-Driven Lawlessness**

This isn't negligence, it's monopolistic treachery, deliberately running the clock on the Federal Communications Commission's 45-day aging rule (47 Code of Federal Regulations Section 52.15(f)(1)(ii)) to recycle my numbers permanently, despite my clean-hands offer of $5,000 upfront and biweekly payments. These numbers, originally tied to an account under my name, Mario Juarez, and later merged into my DBA through corporate evolution, are my property, like domain names or 800 numbers (*eBay, Inc. v. Bidder's Edge*, 100 F. Supp. 2d 1058 (N.D. Cal. 2000); *Bambi Baby v. Stroller Depot*, 2006 WL 978281 (D.N.J.)), vital to my right to make a living under California Constitution Article I, Section 1, with equal protection under federal portability laws for both businesses and consumers. T-Mobile's abuse, shattering consumer trust, strangling competition, and blocking law enforcement access, terrifies them with Federal Communications Commission/Securities and Exchange Commission audits, California Public Utilities Commission restrictions on expansions (with public objections at hearings), class actions, multi-state Attorney General probes, and prosecutions by district attorneys and county

FIRST AMENDED VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF; RESERVATION OF RIGHTS TO DAMAGES, JURY TRIAL, AND CLASS CERTIFICATION(47 U.S.C. §§ 201(B), 202(A), 203(C), 206, 207, 251(B)(2); 47 C.F.R. §§ 52.35, 64.1120; 28 U.S.C. §§ 1331, 1367, 2201; CAL. CIV. CODE § 1770; CAL. BUS. & PROF. CODE §§ 17200, 17500; CAL. PUB. UTIL. CODE §§ 451, 710, 2890(D); CAL. CONST. ART. I, §§ 1, 7) - 8

counsels in Alameda, Los Angeles, San Francisco, and all 58 California counties, who wield iron power to enforce law and seek damages independently. California Attorney General Rob Bonta, a proven litigator who has prosecuted telecommunication companies like T-Mobile to the fullest extent of the law, remains approachable and committed to protecting injured Californians like me, acting decisively on his own and collaborating with attorneys general across the United States to hold T-Mobile accountable. While agencies like the Federal Communications Commission, California Public Utilities Commission, and California Attorney General wield enforcement power.

      T-Mobile and its ilk fear most the federal courtroom, where politics hold no sway, where truth sworn under penalty of perjury unveils their deceit, and where the equal application of the law is executed without delay and with severity against those who breach sacred mandates. This misconduct, affecting millions of Americans beyond California due to the lack of judicial clarity on telecom accountability, demands a published ruling understanding law (*Federal Rule of Civil Procedure 65(d), 28 United States Code Section 1292(a)(1), Nken v. Holder*, 556 U.S. 418, 436 (2009); *Small v. Avanti Health Sys.*, 661 F.3d 1180, 1197 (9th Cir. 2011); *In re Cement Antitrust Litigation*, 688 F.2d 1290, 1302 (9th Cir. 1982)) to enforce 47 Code of Federal Regulations Section 52.35 and 47 United States Code Section 251(b)(2), not create new law, but deliver clear guidance to crush their treachery. Plaintiff respectfully requests that this Honorable Court enforce 47 United States Code Section 207 and 28 United States Code Section 2201 with injunctive and declaratory relief, reserving his rights to damages, jury trial, and class certification under Federal Rule of Civil Procedure 23 until further order.

FIRST AMENDED VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF; RESERVATION OF RIGHTS TO DAMAGES, JURY TRIAL, AND CLASS CERTIFICATION(47 U.S.C. §§ 201(B), 202(A), 203(C), 206, 207, 251(B)(2); 47 C.F.R. §§ 52.35, 64.1120; 28 U.S.C. §§ 1331, 1367, 2201; CAL. CIV. CODE § 1770; CAL. BUS. & PROF. CODE §§ 17200, 17500; CAL. PUB. UTIL. CODE §§ 451, 710, 2890(D); CAL. CONST. ART. I, §§ 1, 7) - 9

Plaintiff further respectfully requests that this Honorable Court report T-Mobile's conduct to the Federal Communications Commission, California Public Utilities Commission, California Attorney General, United States Attorney's Office, and Securities and Exchange Commission for Telecommunications Act breaches, consumer protection violations, fair business abuses, and potential false merger statements, ensuring T-Mobile faces the legal consequences of their actions. T-Mobile's treachery falters before the unyielding light of truth, compelled under penalty of perjury in this Honorable Court's proceedings. Only through fair application of the law, untainted by political compromise, can their pattern of abuse be laid bare, protecting the public from further harm.

## V. CAUSES OF ACTION

Plaintiff brings the following causes of action for statutory and constitutional violations based on T-Mobile's knowing and unlawful refusal to comply with mandatory number portability laws. Each count is pled in the alternative and supported by the facts alleged above.

1. **Count 1: Violation of 47 United States Code Section 251(b)(2)**

    T-Mobile's refusal violates mandatory portability, enforceable via 47 United States Code Section 207 (Section IV.A.4, IV.A.7). *AT&T Corp. v. Iowa Utils. Bd.*, 525 U.S. 366, 378 (1999); *Cent. Tel. Co. of Va. v. Sprint Commc'ns Co. of Va.*, 715 F.3d 501, 509 (4th Cir. 2013).

2. **Count 2: Violation of 47 Code of Federal Regulations Section 52.35**

    T-Mobile's payment demand violates 47 Code of Federal Regulations Section 52.35,

enforceable via 47 United States Code Section 207 (Section IV.A.6, IV.A.7). *In re Telephone Number Portability*, 18 Federal Communications Commission Record 23697, 23702 (2003); *TC Sys., Inc. v. Town of Colonie*, 263 F. Supp. 2d 471, 482 (N.D.N.Y. 2003); *Global Crossing Telecomms., Inc. v. Metrophones Telecomms., Inc.*, 550 U.S. 45, 53 (2007).

3. **Count 3: Violation of 47 Code of Federal Regulations Section 52.35(b)(1)**

   T-Mobile's suspension-based refusal violates 47 Code of Federal Regulations Section 52.35(b)(1) (Section IV.A.7). *In re Numbering Policies*, 30 Federal Communications Commission Record 6839, 6853 (2015); *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 643 (2002); *U.S. W. Commc'ns, Inc. v. Federal Communications Commission*, 255 F.3d 990, 996 (9th Cir. 2001).

4. **Count 4: Violation of 47 Code of Federal Regulations Section 64.1120**

   T-Mobile's unreasonable delay in processing Plaintiff's porting request violates 47 Code of Federal Regulations Section 64.1120, enforceable via 47 United States Code Section 207 (Section IV.A.8). *In re Verizon Comm'ns Inc.*, 24 Federal Communications Commission Record 14884, 14890 (2009); *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *MCI Telecomms. Corp. v. Federal Communications Commission*, 561 F.2d 365, 372 (D.C. Cir. 1977).

5. **Count 5: Violation of 47 United States Code Section 207**

   T-Mobile's violations trigger 47 United States Code Section 207, voiding waivable rights under 47 United States Code Section 201(b) (Section IV.A.6, IV.A.8). *Global Crossing*

*Telecomms., Inc. v. Metrophones Telecomms., Inc.*, 550 U.S. 45, 54 (2007); *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 643 (2002); *Krauss v. MCI Commc'ns Corp.*, 140 F.3d 1042, 1045 (D.C. Cir. 1998).

6. **Count 6: Violation of 47 United States Code Section 201(b)**

T-Mobile's unjust practices violate 47 United States Code Section 201(b) (Section IV.A.7, IV.B). *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 643 (2002); *Orloff v. Federal Communications Commission*, 352 F.3d 415, 420 (D.C. Cir. 2003); *Am. Tel. & Tel. Co. v. Federal Communications Commission*, 487 F.2d 865, 874 (2d Cir. 1973).

7. **Count 7: Violation of California Public Utilities Code Section 451**

T-Mobile's coercion violates California Public Utilities Code Section 451 (Section IV.A.6, IV.A.7). *S. Cal. Edison Co. v. Peevey*, 31 Cal. 4th 781, 792 (2003); *Pac. Gas & Elec. Co. v. Pub. Utils. Comm'n*, 237 Cal. App. 4th 812, 836 (2015); *In re Numbering Policies*, 30 Federal Communications Commission Record 6839, 6853 (2015).

8. **Count 8: Violation of California Public Utilities Code Section 710**

T-Mobile undermines federal rights, per California Public Utilities Code Section 710 (Section IV.A.7, IV.B). *Pacific Bell v. Pac-West Telecomm, Inc.*, 325 F.3d 1114, 1125 (9th Cir. 2003); *People ex rel. Orloff v. Pac. Bell*, 31 Cal. 4th 1132, 1145 (2003).

9. **Count 9: Violation of California Public Utilities Code Section 2890(d)**

T-Mobile's functional disconnection violates California Public Utilities Code Section

2890(d) (Section IV.A.5). *People v. Pac. Bell Tel. Co.*, 127 Cal. App. 4th 1107, 1114 (2005); *Turner v. Pac. Bell Tel. Co.*, 2007 WL 152105, at 3 (N.D. Cal. Jan. 17, 2007).

**10. Count 10: Violation of California Civil Code Section 1770 (Misrepresentation)**

T-Mobile's false claim violates California Civil Code Section 1770(a)(5) (Section IV.A.7). *Meyer v. Sprint Spectrum L.P.*, 45 Cal. 4th 634, 641 (2009); *Kearney v. Hyundai Motor Co.*, 2010 WL 8251077, at 4 (C.D. Cal. Dec. 20, 2010).

**11. Count 11: Violation of California Civil Code Section 1770 (Unconscionable Practices)**

T-Mobile's policy is unconscionable under California Civil Code Section 1770(a)(19) (Section IV.A.6, IV.A.7). *Aron v. U-Haul Co. of Cal.*, 143 Cal. App. 4th 796, 808 (2006); *Am. Software, Inc. v. Ali*, 46 Cal. App. 4th 1386, 1391 (1996).

**12. Count 12: Violation of California Business and Professions Code Section 17200**

T-Mobile's conduct violates California Business and Professions Code Section 17200 (Section IV.A.7, IV.B). *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999); *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 949 (2002).

**13. Count 13: Violation of California Constitution Article I, Section 1**

T-Mobile's interference violates Plaintiff's right to earn a living (Section IV.A.2, IV.A.5). *People v. Glaze*, 27 Cal. 3d 841, 845 (1980); *S. Cal. Gas Co. v. Pub. Utils. Comm'n*, 50 Cal. 4th 674, 693 (2010).

**14. Count 14: Violation of California Constitution Article I, Section 7**

T-Mobile's coercion violates fair dealings (Section IV.A.6, IV.A.7). *Lyle v. Warner Bros.*

FIRST AMENDED VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF; RESERVATION OF RIGHTS TO DAMAGES, JURY TRIAL, AND CLASS CERTIFICATION(47 U.S.C. §§ 201(B), 202(A), 203(C), 206, 207, 251(B)(2); 47 C.F.R. §§ 52.35, 64.1120; 28 U.S.C. §§ 1331, 1367, 2201; CAL. CIV. CODE § 1770; CAL. BUS. & PROF. CODE §§ 17200, 17500; CAL. PUB. UTIL. CODE §§ 451, 710, 2890(D); CAL. CONST. ART. I, §§ 1, 7) - 13

*Television Prods.*, 38 Cal. 4th 264, 280 (2006); *Bollinger v. Sharp*, 2010 WL 11561579, at 4 (C.D. Cal. June 1, 2010).

15. **Count 15: Pattern of Predatory Conduct by a Regulated Utility**

T-Mobile's recurring policy violates 47 United States Code Section 201(b), California Business and Professions Code Section 17200, and California Public Utilities Code Section 451 (Section IV.A.7, IV.B). *In re Numbering Policies*, 30 Federal Communications Commission Record 6839, 6853 (2015); *Cruz v. PacifiCare Health Sys., Inc.*, 30 Cal. 4th 303, 315 (2003).

16. **Count 16: Violation of the Supremacy Clause**

T-Mobile's refusal is void under United States Constitution Article VI, Clause 2 (Section IV.A.7, IV.B). *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 642 (2002); *MCI Telecommunications v. Federal Communications Commission*, 561 F.2d 365, 372 (D.C. Cir. 1977); *Hillsborough Cnty. v. Automated Med. Labs., Inc.*, 471 U.S. 707, 713 (1985).

17. **Count 17: Violation of Equal Protection in Portability**

T-Mobile's refusal violates the uniform portability intent of 47 United States Code Section 251(b)(2) (Section IV.A.4, IV.A.7). *In re Telephone Number Portability*, 18 Federal Communications Commission Record 23697, 23702 (2003); *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 643 (2002); *CenturyTel of Chatham, LLC v. Sprint Commc'ns Co.*, 861 F.3d 566, 571 (5th Cir. 2017).

| | |
|---|---|
| 1 | **18. Count 18: Violation of 47 United States Code Section 202(a)** |
| 2 | T-Mobile's refusal to port Plaintiff's numbers constitutes unjust and unreasonable |
| 3 | discrimination in service, violating 47 United States Code Section 202(a) (Section |
| 4 | IV.A.4, IV.A.7). *MCI Telecomms. Corp. v. Am. Tel. & Tel. Co.*, 512 U.S. 218, 229 |
| 5 | (1994); *In re Implementation of the Telecommunications Act of 1996*, 14 Federal |
| 6 | Communications Commission Record 16109, 16115 (1999). |
| 7 | **19. Count 19: Violation of 47 United States Code Section 203(c)** |
| 8 | T-Mobile's demand for payment as a condition for porting constitutes an unauthorized |
| 9 | charge for services not provided, violating 47 United States Code Section 203(c) (Section |
| 10 | IV.A.6, IV.A.7). *Global Crossing Telecomms., Inc. v. Metrophones Telecomms., Inc.*, |
| 11 | 550 U.S. 45, 54 (2007); *In re AT&T Corp.*, 18 Federal Communications Commission |
| 12 | Record 17101, 17110 (2003). |
| 13 | **20. Count 20: Violation of California Business and Professions Code Section 17500** |
| 14 | T-Mobile's false statements about Plaintiff's porting rights constitute false or misleading |
| 15 | advertising, violating California Business and Professions Code Section 17500 (Section |
| 16 | IV.A.7). *People ex rel. Orloff v. Pac. Bell*, 31 Cal. 4th 1132, 1145 (2003); *Kasky v. Nike,* |
| 17 | *Inc.*, 27 Cal. 4th 939, 950 (2002). |
| 18 | **21. Count 21: Intentional Interference with Prospective Economic Advantage** |
| 19 | T-Mobile's refusal to port Plaintiff's numbers intentionally disrupts his business |
| 20 | relationships with clients, vendors, and government entities, violating California common |
| 21 | law (Section IV.A.2, IV.A.5). *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal. |

FIRST AMENDED VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF; RESERVATION OF RIGHTS TO DAMAGES, JURY TRIAL, AND CLASS CERTIFICATION(47 U.S.C. §§ 201(B), 202(A), 203(C), 206, 207, 251(B)(2); 47 C.F.R. §§ 52.35, 64.1120; 28 U.S.C. §§ 1331, 1367, 2201; CAL. CIV. CODE § 1770; CAL. BUS. & PROF. CODE §§ 17200, 17500; CAL. PUB. UTIL. CODE §§ 451, 710, 2890(D); CAL. CONST. ART. I, §§ 1, 7) - 15

4th 376, 392 (1995); *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1153 (2003).

### 22. Count 22: Conversion

T-Mobile's unlawful retention of Plaintiff's phone numbers constitutes conversion under California common law (Section IV.B). *Burlesci v. Petersen*, 68 Cal. App. 4th 1062, 1066 (1998); *Fremont Indem. Co. v. Fremont Gen. Corp.*, 148 Cal. App. 4th 97, 119 (2007).

### 23. Count 23: Breach of Implied Covenant of Good Faith and Fair Dealing

T-Mobile's bad-faith refusal to port Plaintiff's numbers breaches the implied covenant of good faith and fair dealing under California common law (Section IV.A.6, IV.A.8). *Careau & Co. v. Sec. Pac. Bus. Credit, Inc.*, 222 Cal. App. 3d 1371, 1393 (1990); *Racine & Laramie, Ltd. v. Dep't of Parks & Recreation*, 11 Cal. App. 4th 1026, 1031 (1992).

### 24. Count 24: Unjust Enrichment

T-Mobile's retention of Plaintiff's numbers without providing porting services constitutes unjust enrichment under California common law (Section IV.B). *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723, 726 (2000); *Ghirardo v. Antonioli*, 14 Cal. 4th 39, 51 (1996).

## VI. ANTICIPATED DEFENSES

1. Arbitration and Contract Defenses Invalid: T-Mobile's service agreement arbitration clauses and contractual defenses are nullified by 47 U.S.C. § 207, guaranteeing judicial

relief, as this case is not a debt dispute but a violation of federal porting rights (all counts). *Vaden v. Discover Bank*, 556 U.S. 49, 62 (2009); *Verizon Md., Inc. v. Pub. Serv. Comm'n of Md.*, 535 U.S. 635, 642 (2002).

2. Account Hold Unlawful: T-Mobile's account hold violates 47 Code of Federal Regulations Section 52.35(b)(1), as it cannot condition porting on payment disputes (Counts 1–4, 15–17). *In re Telephone Number Portability*, 18 Federal Communications Commission Record 23697, 23702 (2003).

3. Irreparable Harm Established: Plaintiff's loss of business, client relationships, and safety is irreparable, justifying injunctive relief (all counts). *eBay, Inc. v. Bidder's Edge*, 100 F. Supp. 2d 1058, 1066 (N.D. Cal. 2000).

4. State Law Claims Not Preempted: T-Mobile's state law claims (Counts 7–14, 20–24) are not preempted, as they address consumer protection and torts not conflicting with federal telecommunications law. *Pacific Bell v. Pac-West Telecomm, Inc.*, 325 F.3d 1114, 1125 (9th Cir. 2003); *Ting v. AT&T*, 319 F.3d 1126, 1136 (9th Cir. 2003).

5. Private Right of Action Exists: 47 U.S.C. § 207 provides a private right of action for violations of §§ 202(a) and 203(c) (Counts 18–19). *Global Crossing Telecomms., Inc. v. Metrophones Telecomms., Inc.*, 550 U.S. 45, 53 (2007).

6. Tort Claims Sufficiently Specific: Counts 21–23 meet FRCP 8(a) specificity with facts of harm and intent in Sections IV.A.2, IV.A.5, IV.A.6 (Counts 21–23). *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

7. **Article III Standing Established:** Plaintiff's concrete injuries—business disruption, client loss, and safety threats—establish Article III standing for all counts. *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021).

8. **Primary Jurisdiction Inapplicable:** The court has jurisdiction under 47 U.S.C. § 207, and imminent harm by July 12, 2025, precludes deferral to the FCC (Counts 1–6, 15–19). *Global Crossing Telecomms., Inc. v. Metrophones Telecomms., Inc.*, 550 U.S. 45, 53 (2007).

## VII. RELIEF REQUESTED

Plaintiff respectfully requests:

1. A Temporary Restraining Order and Preliminary Injunction under Federal Rule of Civil Procedure 65, compelling T-Mobile to port all numbers tied to account 949-864-937.
2. A declaratory judgment under 28 United States Code Section 2201 that T-Mobile's refusal is unlawful and void.
3. An order enjoining disconnection or recycling of Plaintiff's numbers.
4. An order preserving all records related to account 949-864-937.
5. Reservation of rights to amend this Complaint under FRCP 15 to include additional charges, violations, damages, class certification under FRCP 23, and a jury trial under FRCP 38, as Plaintiff currently seeks only compliance with federal and state law and injunctive relief to compel porting of his phone numbers, not debt relief, forgiveness, or any monetary handout. Plaintiff respectfully reserves the right to seek damages, demand a

jury trial under FRCP 38, and seek class certification under FRCP 23 by further order of this Honorable Court.

6. Referral of T-Mobile's conduct to the Federal Communications Commission, California Public Utilities Commission, California Attorney General, United States Attorney's Office, and Securities and Exchange Commission for investigation of Telecommunications Act breaches, consumer protection violations, fair business abuses, and potential false merger statements.

7. Costs and further relief as the Court deems just.

A. Publication of Opinion to Protect Public Interest

Plaintiff respectfully requests that this Honorable Court publish a public opinion to provide clarity on the 45-day run-the-clock strategy, a repetitive violation by telecommunications carriers that places the public at risk. This is not a request for new law but for guidance to ensure compliance with federal law, regardless of carriers' strategies to hold numbers hostage. T-Mobile's pattern, as detailed in Section IV.B, exploits the Federal Communications Commission's 45-day rule (47 C.F.R. § 52.15(f)(1)(ii)), risking millions of consumers' identities. Under 28 U.S.C. § 1292(a)(1), courts may publish opinions for public issues. *In re Cement Antitrust Litig.*, 688 F.2d 1290, 1302 (9th Cir. 1982); *Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001). The Federal Communications Commission's Consumer Guide and *In re Telephone Number Portability*, 18 Federal Communications Commission Record 23697, 23702 (2003), affirm porting rights. A published ruling will deter abuse, protect public trust, and enforce law. *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953).

FIRST AMENDED VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF; RESERVATION OF RIGHTS TO DAMAGES, JURY TRIAL, AND CLASS CERTIFICATION(47 U.S.C. §§ 201(B), 202(A), 203(C), 206, 207, 251(B)(2); 47 C.F.R. §§ 52.35, 64.1120; 28 U.S.C. §§ 1331, 1367, 2201; CAL. CIV. CODE § 1770; CAL. BUS. & PROF. CODE §§ 17200, 17500; CAL. PUB. UTIL. CODE §§ 451, 710, 2890(D); CAL. CONST. ART. I, §§ 1, 7) - 19

## VIII. VERIFICATION

I, Mario Juarez, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct. Exhibits A–D, comprising T-Mobile's May 30, 2025, rejection (Exhibit A), Plaintiff's June 12, 2025, payment offer to secure porting rights (Exhibit B), T-Mobile's June 17, 2025, refusal (Exhibit C), and communications from May 28–June 19, 2025 (Exhibit D), are attached, incorporated by reference, and authenticated under penalty of perjury. Plaintiff will serve or cause to serve T-Mobile with unrelenting precision on June 25, 2025, via personal service to CSC - Lawyers Incorporating Service, 2710 Gateway Oaks Drive, Suite 150N, Sacramento, CA 95833, per FRCP 4(h)(1)(B), with courtesy copies mailed to 12920 SE 38th Street, Bellevue, WA 98006, and emailed to legalnotices@t-mobile.com after personal service, per Civil L.R. 5-5(a). Plaintiff is not seeking monetary damages at this stage, but rather compliance with federal and state law and injunctive relief to compel the porting out of his phone numbers. Plaintiff reserves his rights to pursue a jury trial, damages, and class certification under Federal Rule of Civil Procedure 23 until further order of this Honorable Court.

Executed on June 24, 2025, in Oakland, California. Plaintiff respectfully requests justice to safeguard his livelihood and protect the public interest.

/s/ Mario Juarez

Mario Juarez, Pro Se
66 Franklin Street, Suite 300
OAKLAND, CA 94607
mario@mariojuarez.co

FIRST AMENDED VERIFIED COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF; RESERVATION OF RIGHTS TO DAMAGES, JURY TRIAL, AND CLASS CERTIFICATION(47 U.S.C. §§ 201(B), 202(A), 203(C), 206, 207, 251(B)(2); 47 C.F.R. §§ 52.35, 64.1120; 28 U.S.C. §§ 1331, 1367, 2201; CAL. CIV. CODE § 1770; CAL. BUS. & PROF. CODE §§ 17200, 17500; CAL. PUB. UTIL. CODE §§ 451, 710, 2890(D); CAL. CONST. ART. I, §§ 1, 7) - 20